# Richmond

W. T. Costello v. Olaf Larsen and Elith Larsen.

May 1, 1944.

Record No. 2783.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*J. H. Rives, Jr.*, and *Stanley A. Owens*, for the plaintiff in error.

*E. E. Garrett* and *Albert V. Bryan*, for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

W. T. Costello, plaintiff, brought this action of tort, based upon allegations of fraud and deceit, against the defendants, Olaf Larsen and Elith Larsen, to recover damages in the sum of $2,500. An original and two amended notices of motion were filed. A demurrer was interposed to each notice and all were sustained by the court.

The sole assignment of error relates to the action of the court in sustaining the demurrer to the second amended notice of motion for judgment.

By contract, dated February 13, 1941, plaintiff contracted with defendants for the sale of a farm owned by plaintiff, situated in Loudoun county, Virginia, for the price of $6,500.

While the contract is not made a part of the pleadings, it appears inferentially that one W. T. McNab, a real estate broker, procured the purchasers and was to receive the sum of one thousand dollars as commission for making the sale.

It also appears that McNab entered into an oral agreement with plaintiff to indemnify him against any damages he might suffer as a result of plaintiff's inability to procure a release from his tenant who was operating the farm under a lease. Further, it appears that there was a rescission of the contract; that plaintiff later sold the farm for $5,500; that McNab brought an action against Costello and recovered the principal sum of $1,000, the amount of commission claimed by him.

It must be conceded that the notices of motion as they appear in the record are difficult of comprehension. Due to their complexity, we quote the representations of deceit and fraud as they appear in them.

In the original notice this appears:

"On or about the 1st day of March, 1941, defendants, Olaf Larsen and Elith Larsen, approached plaintiff, W. T. Costello, and exhibited to plaintiff a promissory note in the amount of $250.00 signed by G. T. McNab and one West. The said defendants represented to plaintiff that the makers of this note had given the same to said defendants as a bribe to dissuade defendants from turning against the makers in a suit which defendants represented to plaintiff the said McNab and West had stated they were contemplating bringing against plaintiff. Defendants further represented in very strong language that the said G. T. McNab was a crook with plans to blackmail plaintiff and that they, the defendants, did not want to and would not be a party to such subterfuge and made such further, other and general material representations * * * ."

In the first amended pleading these allegations are set forth:

"On or about the 1st day of March, 1941, defendants, Olaf Larsen and Elith Larsen, approached plaintiff, W. T. Costello, and made certain representations to plaintiff regarding said contract and regarding certain acts and declarations of one G. T. McNab, the real estate agent who negotiated said contract, vitally affecting said contract and the rights, duties, and liabilities of the parties thereto, particularly those of this

plaintiff, as well as the respective rights, duties and liabilities of the plaintiff and the said G. T. McNab in respect to the contract between them arising out of and incidental to the said contract between plaintiff and said Elith and Olaf Larsen, and particularly the provision of the contract between plaintiff and McNab relating to the obligation of plaintiff thereunder to pay McNab $1,000 commission for negotiating the first mentioned contract; * * * "

The second amended notice sets forth the grounds of recovery in this language:

"On or about the 1st day of March, 1941, defendants Olaf Larsen and Elith Larsen approached plaintiff, W. T. Costello, and represented to plaintiff; (A) That one G. T. McNab, the real estate agent who negotiated said contract, had been in contact with the said Olaf Larsen and Elith Larsen and had substantially made the following representations and proposals to said defendants:

"(1) That plaintiff, W. T. Costello, was not going to be able to deliver to the said defendants possession of the property covered by the said contract and thereby plaintiff would be guilty of a breach of said contract and consequently liable for damages for such breach;

"(2) That if said defendants would sue the said W. T. Costello for damages for said breach they would recover 'a plenty;'

"(3) That if the defendants would bring suit against plaintiff, said McNab would deliver to them a promissory note signed by him and one West."

The gist of the demurrer filed by defendants may be stated thus: Each and every one of the statements alleged to have been made by the defendants, constituting the fraud and deceit relied upon, are mere expressions of opinion made in reference to things to take place in the future, and are not facts in contemplation of law; therefore, they do not constitute a fraud.

In sustaining the demurrer, the action of the court is based on the ground that the notice of motion is not sufficient in law.

■ We think the trial court, in sustaining the demurrer, was manifestly correct. Even though we concede that defendants made the statement, nowhere in the notice of motion does it appear that plaintiff was apprised of any material fact that he was not already aware of. In one breath, according to the allegations, he was informed that McNab was "a crook" and was warned by defendants to beware, and in the next breath (though armed with that knowledge), he was led to his hurt, for the reason that he did not rely on the information given him by defendants.

■ It is perfectly apparent that the plaintiff was dealing with defendants at arm's length. This being true, it was the duty of plaintiff to make inquiry in regard to the true status of affairs. Failure to so do was negligence.

■ In *Lake* v. *Tyree*, 90 Va. 719, 723, 19 S. E. 787, Judge Lewis said: "In the early case of *Bayly* v. *Merrel*, Cr. Jac., 386, it was adjudged that 'the law gives no remedy for voluntary negligence,' and so the law is at the present day. Hence, generally speaking, if the parties have equal means of information, so that, with ordinary prudence or diligence, either may rely on his own judgment, they are presumed to have done so; or, if they have not done so, they must abide the consequence of their own folly or carelessness."

In 2 Kent, Comm., 485, this is said: "The common law affords to every one reasonable protection against fraud in dealing, but does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information."

To the same effect is the language of Judge Cooley. In his work on Torts, p. 487, this is said:

■ "Where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. Therefore, if false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will

leave him where he has been placed by his own imprudent confidence."

The fact that he did not consult McNab in regard to the alleged statements, before rescinding the contract, is somewhat mystifying. The fact about which there is no mystery is that McNab brought an action to and did recover his commissions.

There is no error in the judgment complained of and it is, therefore, affirmed.

*Affirmed.*