Richmond

## CEMETERY CONSULTANTS, INC.
## T/A ROSEWOOD MEMORIAL PARK

v.

## TIDEWATER FUNERAL DIRECTORS ASSOCIATION, INC.

April 20, 1979.

Record No. 771178.

Present: All the Justices.

*Harry J. Hicks* for appellant.

*William R. O'Brien (Richard G. Brydges; Brydges, Hudgins, Ege, Burt & O'Brien*, on brief), for appellee.

PER CURIAM.

Tidewater Funeral Directors Association, Inc. (TFDA), appellee herein, filed a bill of complaint against appellant, Cemetery Consultants, Inc., t/a Rosewood Memorial Park (Rosewood), seeking to enjoin the enforcement of Rosewood's rules and regulations governing the delivery of burial vaults to the cemetery and the imposition of a $15 charge for the installation and sealing of all burial vaults used in the cemetery unless the vaults were purchased from Rosewood. The chancellor, after an *ore tenus* hearing, held, *inter alia,* that TFDA had standing to institute this suit and that the rules, regulations, and charges imposed by Rosewood were unreasonable and unenforceable.

Rosewood, a privately owned corporation maintaining a cemetery in the City of Virginia Beach, sells burial plots and rights of sepulcher to the public and provides care for the plots and cemetery environs both before and after burial. By letter dated August 4, 1976, Rosewood notified the funeral directors and vault dealers operating within its trading area that as of August 15, 1976 all vaults in Rosewood would be installed and sealed only by Rosewood's trained and experienced cemetery personnel. The funeral directors and burial vault dealers were directed to deliver each vault to the cemetery's service area where Rosewood's personnel would pick up the vault, place it in the ground and later seal it. They were further informed that a charge of $15 would be made for the rendition of these services, but that such charge would be assessed against the owners of the rights of sepulcher (lot owners) and not against the funeral directors or vault dealers.

TFDA is a corporation organized by licensed funeral directors in the Tidewater Virginia area.

Rosewood contends (1) that TFDA lacked standing to challenge its rules, regulations and the fee imposed; and (2) that under its contracts with the owners of the lots, Rosewood had the right to adopt regulations and charges which are fair and reasonable.

We agree with Rosewood that TFDA lacks standing to maintain this suit.

■ The general rule at common law is that an action on a contract must be brought in the name of the party in whom the legal interest is vested, and this legal interest is ordinarily vested only in the promisee or promisor; consequently, they or their privies are generally the only persons who can sue on the contract.

■ In the present case there was no evidence offered which established that TFDA was in privity of contract with any owner of a burial plot in Rosewood. TFDA was not a party to the contract between Rosewood and any lot owner, nor did TFDA own a lot in the cemetery. Additionally, TFDA was not required to pay the $15 charge; rather it was assessed against the individual lot owner.

We hold that TFDA, some of whose members are employed by individual lot owners to perform funeral services but who have no contractual relationship with the cemetery company, has no standing to question the validity of rules or regulations and fees imposed by Rosewood which are allegedly authorized by its contract with the individual lot owner. *Davisson* v. *Mt. Moriah Cemetery Ass'n*, 87 Mont. 459, 288 P. 612, 613, 81 A.L.R. 1419 (1930); *Di Cristofaro* v. *Laurel Grove Memorial Park*, 43 N.J. Super. 244, 128 A.2d 281, 283-84 (1957); *Daily Monument Co.* v. *Crown Hill Cemetery Ass'n*, 114 Ohio App. 143, 176 N.E.2d 268, 273 (1961). *Cf. Luhman* v. *Evergreen Cemetery Ass'n*, 9 Wis. 2d 479, 101 N.W.2d 652, 654 (1960).

Since TFDA does not have standing to maintain this suit, we do not reach Rosewood's second contention relating to the reasonableness of its rules, regulations and charges.

*Reversed and final judgment.*