## CIRCUIT COURT OF FAIRFAX COUNTY

George Hyman Construction Co.

v.

McLean Hotel Associates
Limited Partnership

November 9, 1988

Case No. (Law) 83660

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on Defendant's Motion for Partial Summary Judgment for a certain portion of the damages claimed by plaintiff, plaintiff's opposition, defendant's supplemental memorandum, and plaintiff's reply to defendant's supplemental memorandum. For the reasons set forth below, the motion is denied.

Defendant McLean Hotel Associates Limited Partnership ("MHALP") asserts that as a matter of law, plaintiff George Hyman Construction Company ("Hyman") cannot recover damages for its subcontractors in the amount of $3,211,959.00 from MHALP.

Defendant's motion asserts that the claims made by Hyman on behalf of its subcontractors amount to "pass-through" claims in that there are no judgments against Hyman by the subcontractors, nor have they filed suit against Hyman for monies due and that Hyman does not admit liability to the subcontractors for their claims. MHALP also asserts that Virginia law requires privity of contract in an action for purely economic loss and that absent a showing of an express or implied contract, the subcontractors will have to look to Hyman alone for relief.

Virginia Code § 8.01-281(A) provides:

> A party asserting either a claim, counterclaim, cross-claim, or a third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence. Such claim, counterclaim, cross-claim, or third-party claim may be for contribution, indemnity, subrogation, or contract, express or implied; it may be based on future potential liability, and it shall be no defense thereto that the party asserting such claim, counterclaim, cross-claim, or third-party claim has made no payment or otherwise discharged any claim as to him arising out of the transaction or occurrence.

The claims which Hyman is asserting on behalf of its subcontractors give rise to the future potential liability required of a claimant proceeding under this section. The language of this section specifically addresses the assertion raised by MHALP that Hyman has no judgments against them from subcontractors, no pending suits for monies due subcontractors, and/or that they have failed to admit liability for the subcontractors' claims. However, this section does not require that Hyman pay these claims or otherwise discharge them to maintain the subcontractors claims against MHALP in this proceeding. This section expressly provides for the pass-through claims brought by Hyman.

The issue of whether a general contractor may maintain a suit on behalf of its subcontractors directly against an owner when the subcontractors' claims have not been previously paid or discharged, has never been specifically addressed by the Virginia Supreme Court.

In *United States v. Blair*, 321 U.S. 730 (1943), the Supreme Court stated that a lack of privity of contract between the subcontractor and the Government (owner) would preclude recovery by the subcontractor, but that it does not bar a suit by the contractor for the amount claimed by the subcontractor. The Court also concluded that only the contractor was legally bound to perform the work under the contract between itself and the Government and that

the contractor alone had a right to recover the contract price regardless of whether the work was performed by the contractor or one of their subcontractors.

MHALP has stated that "Hyman elected to enter into various subcontracts with a number of specialty subcontractors. MHALP as the owner and developer of the project did not enter into any form of contractual relationships with any of Hyman's subcontractors." (Defendant's Motion for Partial Summary Judgment, p. 2). This lack of privity of contract which MHALP asserts is fatal to Hyman's maintenance of the subcontractors' claims benefits Hyman under the Supreme Court's rationale in *Blair*. Hyman was legally bound to perform the contract with MHALP and as such has the right to recover for work performed by its subcontractors.

The Court's ruling on the motion while resolving one issue as to the damages in this case in turn raises another. The Court is cognizant that Hyman will present evidence as to the damages allegedly suffered by each subcontractor. The Court will require evidence of damages allegedly suffered by each subcontractor which can be directly recovered by the subcontractor as well as evidence as to the damages, which may have been suffered by Hyman as a result of defendant's breach of contract and the subsequent obligations plaintiff incurred to their subcontractors due to this breach.