## CIRCUIT COURT OF FAIRFAX COUNTY

Henry Sargent et al.

v.

Madison National Bank

November 11, 1988

Case Nos. (Chancery) 107106 and (Law) 85136

By JUDGE LEWIS HALL GRIFFITH

These related cases are before the Court on Demurrers filed by the Defendant to the Motion for Judgment (L85136) and the Bill of Complaint (C107106). The specifics of each demurrer will be addressed in the Court's opinion below.

Plaintiffs are husband and wife who were President and Secretary, respectively, of Arvex, Inc. ("Arvex"), a plumbing, heating, and air conditioning business located in Vienna, Virginia. A resolution of Arvex executed by plaintiffs in their corporate capacities authorized only the President to incur debt on behalf of Arvex. Mr. Sargent as President of Arvex executed several unsecured promissory notes with defendant between 1970 and 1974.

On May 15, 1974, plaintiffs executed a $25,000.00 promissory note (the promissory note) payable to Arvex. A deed of trust was executed on the same day by plaintiffs in favor of Arvex to serve as security for the promissory note. The deed of trust created a lien on plaintiffs' residence in Vienna, Virginia. Mr. Sargent suffered a

disabling stroke on May 28, 1974, just prior to the recordation of the deed of trust in the Fairfax County Land Records office.

On June 1, 1974, an agent of the defendant presented to Mrs. Sargent an assignment which would assign the promissory note and deed of trust from Arvex to the defendant. Mrs. Sargent executed the assignment on behalf of Arvex as Secretary of the corporation. Defendant subsequently brought foreclosure proceedings against plaintiffs for funds owed under the promissory note and deed of trust.

On April 15, 1975, Mrs. Sargent and defendant executed an agreement to forestall foreclosure whereby a new promissory note for $37,000.00 was executed which evidenced both the prior promissory note of $25,000.00 plus monies due on another note ("the Agreement"). The deed of trust will remain on plaintiffs' residence until the new promissory note is paid in full.

The first cause of action in both the Motion for Judgment and Bill of Complaint alleges the defendant made false and fraudulent representations and/or fraudulently withheld material facts from Mrs. Sargent. The Court's ruling on these causes of action will be set forth in the discussion of the equity proceeding.

Plaintiffs' second cause of action in the law action is for breach of the contract between the defendant and Mr. Sargent as President of Arvex. Plaintiffs allege defendants breached this contract by procuring the signature of Mrs. Sargent as Secretary of Arvex on the debt instruments on behalf of Arvex.

In *Cemetery Consultants, Inc. v. Tidewater Funeral Dirs. Ass'n.*, 219 Va. 1001, 1003, 254 S.E.2d 61, 62 (1979), the Virginia Supreme Court held:

> The general rule at common law is that an action on a contract must be brought in the name of the party in whom the legal interest is vested, and this legal interest is ordinarily vested only in the promisee or promisor; consequently they or their privies are generally the only persons who can sue on the contract.

The contract alleged by plaintiffs is between Arvex and the defendant. Arvex is not a party to this proceeding,

and plaintiffs in their individual capacity lack standing to assert any breach which may have occurred. Defendant's demurrer to the second cause of action in the law action is sustained with leave to amend.

Plaintiffs' third cause of action in the law action seeks rescission of the contract allegedly formed when the promissory note and deed of trust were executed by Mrs. Sargent. Plaintiffs allege that defendant did not transfer any consideration in return for the execution of the promissory note, assignment, or the agreement. Plaintiffs reallege that only Mr. Sargent as President of Arvex could execute the promissory note and assignment. Plaintiffs conclude that the execution by Mrs. Sargent as Secretary is invalid as a corporate act of Arvex.

A contract may only be rescinded by a party to a contract to whom the right exists or by his legal representative. Plaintiffs have not joined Arvex or sued in their corporate capacity as President and Secretary of Arvex. Plaintiffs' failure to join the proper parties precludes them from maintaining a cause of action for rescission of the contract. The Court sustains defendant's demurrer to this third cause of action with leave to amend.

Plaintiffs' fourth cause of action seeks a declaratory judgment that defendant is neither a holder in due course nor has a legal right to collect on the promissory note, assignment, agreement, or any other debt instruments executed by Mrs. Sargent. Plaintiff also seeks a refund of all amounts paid on the debt instrument executed by Mrs. Sargent.

The Court believes that entry of a declaratory judgment at this time would be premature in light of the current posture of this proceeding. A declaratory judgment will not lie where it would deprive or distort the litigant's rights to a trial by jury. *Williams v. Southern Bank*, 203 Va. 657, 125 S.E.2d 803 (1962).

The June 8, 1988, bill of complaint (C107106) alleges fraud in that (1) the defendant Madison National Bank of Virginia made fraudulent misrepresentations of material facts in acquiring Mrs. Sargent's signature on the assignment papers, and (2) the defendant bank willfully withheld information from Mrs. Sargent.

The Court is of the opinion that statements made by Madison National Bank, to the effect that Mrs. Sargent

was required to sign the assignment papers did constitute statements of preexisting facts upon which Mrs. Sargent relied. In addition, there were statements made by the bank to Mrs. Sargent that her husband (Henry Sargent) owed money to the bank. This Court also finds that such a statement was a material and preexisting fact. Misrepresentation of such a material and preexisting fact constitutes fraud. *See Lloyd v. Smith*, 150 Va. 132, 142 S.E. 363 (1928); *Hicks v. Wynn*, 137 Va. 186, 119 S.E. 133 (1923).

Despite the findings by the Court of misrepresentation of preexisting facts, it was unreasonable for Mrs. Sargent to have relied on the bank's representations, and therefore, no fraud was committed. *Horner v. Ahern*, 207 Va. 860, 153 S.E.2d 216 (1967); *Harris v. Dunham*, 203 Va. 760, 127 S.E.2d 65 (1962); *Costello v. Larsen*, 182 Va. 567, 29 S.E.2d 856 (1944). The facts indicate that Mrs. Sargent was the Secretary of the corporation and the wife of Henry Sargent. From that standpoint, it would appear that Mrs. Sargent would have the necessary resources to determine whether or not her husband was in debt and whether Arvex, Inc., was assigning its rights to the bank. In addition, Mrs. Sargent executed the promissory note despite her concern that the signature was not her own. This activity contravenes the rule in fraud cases that a reasonable person would investigate the statements, particularly if the circumstances "excite the suspicions." *Horner v. Ahern*, 207 Va. 860, 864 (1967).

Based on the findings of this Court, the demurrer *is sustained.*