**Norfolk**

APAC-VIRGINIA, INC., *ex rel.*, etc.

v.

VIRGINIA DEPARTMENT OF

HIGHWAYS & TRANSPORTATION, et al.

No. 1678-88-1

Decided February 20, 1990

COUNSEL

Jim H. Guynn, Jr. (Parvin, Wilson, Barnett & Hopper, P.C., on brief), for appellant.

Richard L. Walton, Jr., Senior Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—The appellant, a general contractor under an agreement with the Department of Highways and Transportation to construct a highway project, appeals from a trial court's dismissal of its appeal from a decision of the Department. The general contractor petitioned the trial court for a judgment against the Department, asserting a claim, not on its own behalf, but on behalf of Floyd B. Smith Contracting, Inc., one of its subcontractors. Appellant sought additional compensation for the subcontractor as a result of unanticipated delay in its work on the project. We conclude, however, that the requirement of privity of contract bars assertion of this claim against the Department.

The contract between the general contractor and the Department was for the construction of a highway project on Poplar Hill Road in Chesapeake, Virginia. The general contractor subcontracted to the subcontractor that part of the project involving the installation of utility and sewage pipes. The general contractor contends on behalf of the subcontractor that the project's plans, drawings and specifications prepared by the Department were "erroneous, defective and deficient" and resulted in delay of the subcontractor's work on the project and the expenditure of considerable sums not anticipated in the work of the project. The damages alleged were sustained by the subcontractor, not by the contractor.

The appellant relies on Code § 33.1-192.1,[1] to contend that the General Assembly has waived the Commonwealth's sovereign immunity and eliminated the requirement of privity of contract, thus permitting the subcontractor to sue the Department. It argues that this is accomplished by the language of the provision that permits "any persons claiming under" a contractor to bring suit against the Department. This reading, in our opinion, attributes unwarranted significance to these few words.

■ The common law requirement of privity of contract is well established. In Virginia, it is settled that no cause of action exists for a claim solely for economic loss, absent privity of contract. *Copenhaver v. Rogers*, 238 Va. 361, 366, 384 S.E.2d 593, 595 (1989). Only the common law privity rules involving personal injury or property damage have been modified by statute. *Id.; see e.g.*, Code §§ 8.01-223 and 8.2-318. Legislative abrogation of the privity of contract cannot be by implication and must be expressed. *Blake Construction Co., Inc. v. Alley*, 233 Va. 31, 34, 353 S.E.2d 724, 726 (1987).

■ An action on a contract must be brought in the name of the party in whom the legal interest is vested. *Cemetery Consultants, Inc. v. Tidewater Funeral Directors Association, Inc.*, 219 Va. 1001, 1003, 254 S.E.2d 61, 62 (1979). Ordinarily, such an interest is vested only in the promisee or promisor, and only this person or his privy may sue on the contract. *Id.*

■ Where the General Assembly has chosen to eliminate the requirement of privity of contract, it has expressed its intent to do so unequivocally. *See, e.g.* Code § 8.01-13 ("The assignee or beneficial owner of any . . . chose in action . . . may maintain thereon in his own name any action which the original obligee, payee, or contracting party might have brought . . ."); Code § 8.2-318 ("Lack of privity between plaintiff and defendant shall be no defense in any action against the manufacturer or seller of goods to recover damages for breach of warranty. . . .").

---

[1] Code § 33.1-192.1 reads, in part: "No suit or action shall be brought against the Department of Highways and Transportation by a contractor or *any persons claiming under him.* . . unless the claimant shall have exhausted the review process provided by § 33.1-386. . . . [and] unless the same shall be brought within twelve months from receipt of the decision of the Commissioner of the Department of Highways and Transportation." [emphasis added.]

The language relied upon by the appellant in this case does not expressly waive the requirement of privity of contract. Even the suggestion that it does so by implication is, at best, tenuous. The language relied on by the appellant is not in a statute authorizing a suit against the Department; instead, it appears in a statute in the nature of a statute of limitations. Furthermore, the phrase "or any persons claiming under" a contractor is more reasonably understood to subject a contractor's successors in interest, such as personal representatives, corporate successors or trustees, to the limitations of the statute.

Therefore, we hold that Code § 33.1-192.1 was not enacted to eliminate the requirement of privity of contract and that this requirement bars the subcontractor's claim against the Department. Having so held, we find it unnecessary to address whether Code § 33.1-192.1 was intended to waive the Department's sovereign immunity, and we conclude that the trial court correctly entered summary judgement for the Department. Therefore, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Hodges, J., concurred.