## CIRCUIT COURT OF FAIRFAX COUNTY

Marriott Corporation

v.

Thomas P. Harkins, Inc.

May 15, 1990

Case No. (Law) 94589

BY JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on the Motion to Strike and Dismiss a Portion of Defendant's Counterclaim ("Motion to Strike") filed by the Plaintiff Marriott Corporation. The parties briefed and argued the issue. The Court grants Marriott's Motion to Strike for the following reasons.

The Defendant, Thomas P. Harkins, Inc., seeks two forms of relief in its Counterclaim. In numbered paragraph three of the Counterclaim, Harkins seeks to recover damages which it suffered as a result of Marriott's alleged material breaches of contract and Marriott's alleged interferences with contracts; this claim is not the subject of this motion. In numbered paragraph four, Harkins seeks to recover damages on behalf of the following subcontractors: A. Tasker, Inc., t/a Salco Mechanical Contractors, The Aitken Company, O'Dell Electric, Stedman Construction Companies, Inc., and Progressive Wallcovering.

The relevant portions of the Counterclaim, as amended by Orders of the Court and by the Bill of Particulars, allege that certain subcontractors "submitted claims [to Harkins] for additional work and/or acceleration which are the fault or responsibility of Plaintiff." These costs were exclusive of any claimed in paragraph three. The amended Counterclaim requests different amounts beside each subcontractor's name, plus four percent overhead and three percent profit; Harkins asserts it "is entitled to receive" these sums as compensation for the benefit of the named subcontractors.

The Bill of Particulars on the Counterclaim indicates that these claims are based on the same allegations of misconduct contained in paragraph three. Harkins also maintains that:

> the nature of this two-year construction project with its continuing history of changes, delays, disruptions, etc., make it impossible for Defendant to inform Plaintiff in a pleading of all specific facts, circumstances, and conduct which form the basis of the Counterclaim

(Harkins' Bill of Particulars at p. 5.) Counsel for Harkins indicated in argument that the subcontractors incurred these costs to pay additional labor, supervisory personnel, and overhead to perform the work at the scheduled pace after Marriott had caused the various delays.

Marriott's Answer denies the allegations in the relevant portion of the Counterclaim. Marriott asserted the following defenses: failure to state a claim upon which relief may be granted, estoppel and waiver, accord and satisfaction, and failure to comply with conditions precedent to payment. Marriott further asserted that Harkins' claims were subject to offset for work Harkins performed improperly and for damage to the work of other subcontractors that was caused by Harkins.

Marriott moved to strike and dismiss this portion of the Counterclaim. Marriott contends that Harkins' pleadings fail to support the claim. Marriott argues that Harkins is not liable to the subcontractors for the claimed amounts, based on Harkins' refusal to plead or admit any liability to the subcontractors, as well as on settlements between Harkins and the subcontractors. Marriott also argues that when a contractor is not liable to subcontractors, pass-through claims cannot be recovered because of lack of privity of contract between the owner and the subcontractors.

Harkins asserts that because Marriott failed to plead lack of standing as an affirmative defense, Marriott's motion is untimely. Harkins also relies on the 1988 case of *The George Hyman Construction Co. v. McLean Hotel Associates Limited Partnership*, 14 Va. Cir. 187 (1988), in which this Court denied a motion for partial summary judgment in a case raising similar issues. Harkins seeks to avoid the effect of a recent Virginia Court of Appeals case, *APAC-Virginia v. Department of Highways and Transportation*, 9 Va. App. 450, 388 S.E.2d 841 (1990), which appears to have decided the issue in the opposite manner. Harkins maintains that this court is not bound by the appellate decision

because the Court of Appeals has no jurisdiction to review the decision. Harkins also attempts to distinguish the facts and the reasoning of the *APAC* case from the *Hyman* case to show that the *Hyman* ruling survives the *APAC* case and should govern the case at bar.

As a preliminary matter, the Motion to Strike should be treated as a motion for summary judgment in the procedural posture of this case. *See e.g., Costner v. Lackey*, 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982) (motion to strike was, in effect, a motion for summary judgment). Such a motion should be granted only if there is no genuine dispute over a material fact and the action is barred as a matter of law. In ruling on the motion, the Court considers, *inter alia*, pleadings, pretrial orders, and any admissions. Rule 3:18, Rules of the Supreme Court of Virginia. The Court also considers the copies of settlement agreements between Harkins and subcontractors, which documents were attached to Marriott's supporting memorandum as exhibits and were used in Marriott's oral and written argument, without objection from Harkins. Such documents may appropriately be considered in a motion for summary judgment. *Cf., Richmond Development and Housing Authority v. Laburnam Construction Corp.*, 195 Va. 827, 831, 80 S.E.2d 574 (1954) (affirming summary judgment under former Rule 3:20 based, *inter alia*, on the pleadings, contract and accompanying documents, and answers to interrogatories and the exhibits in connection therewith); *and* Bryson, Handbook on Civil Procedure, 2d ed. 258 (Michie 1989) (summary judgment can be based, *inter alia*, on documents produced pursuant to Rule 4:9).

Summary judgment is appropriate in the present circumstances because the record before the Court shows that there is no genuine dispute over any material fact, and the Counterclaim is barred as a matter of law. The Counterclaim fails to set forth any facts giving rise to a cause of action cognizable under Virginia law. Although Virginia law has progressively evolved towards the theory of notice pleading, a pleading must still set forth facts warranting the grant of the relief sought, *e.g., Ted Lansing Supply Co. v. Royal Aluminum & Construction Corp.*, 221 Va. 1139, 277 S.E.2d 228, 229 (1981). "No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed . . . and if so entered, [the decree] is void . . ." *Id.* at 1141, 277 S.E.2d at 229. Harkins should not be allowed to prove what it has failed to plead.

The Counterclaim as amended merely concludes that Harkins is entitled to recover compensation for the benefit of subcontractors who submitted claims based on Marriott's unjustified requests for accelerated performance. Harkins identifies no basis for the claims asserted. Harkins sets forth no facts showing whether the claims are for additional work not required by the subcontracts; Harkins sets forth no facts showing any specific delays or requests for acceleration; and Harkins set forth no facts showing how the subcontractors were damaged by such requests. Even more important, however, is that no allegations suggest that the subcontractor claims have any merit: the pleadings fail to set forth any contractual provisions or factual foundation on which the subcontractors might hold either Harkins or Marriott liable.

Indeed, there is no genuine dispute as to whether Harkins is liable to these subcontractors for the claims in paragraph three. Harkins maintains that it has a potential liability to these subcontractors, but the settlements with the named subcontractors expressly limit or release any liability on all such claims except Salco's. The settlement with S. W. Rodgers totally releases Harkins from further liability. (Marriott's Memorandum of Law, Exhibit F.) The settlements with Aitken, O'Dell, Stedman and Progressive Wallcovering limit Harkins' liability for acceleration claims to that portion of Harkins' recovery in this lawsuit attributable to such claims (Marriott's Memorandum of Law, Exhibits B, C, D, and E.) Further, Counsel for Harkins stated in oral argument that it is withdrawing the O'Dell claim. Because Harkins has no liability if Harkins recovers nothing on these claims, the claims cannot be considered as a potential future liability.

Admittedly, the Salco settlement does not expressly negate Harkins' liability for delay/acceleration damages; however, the settlement stipulates basic and ultimate facts tending to exonerate Harkins from liability on Salco's claim. A general contractor is not liable to a subcontractor for damages flowing from delays unless the subcontract provides otherwise or unless the delays were caused by the general contractor or some agency or circumstance under its direction or control. *Doyle & Russell, Inc. v. Welch Pile Driving Corp.*, 213 Va. 698, 700–701, 194 S.E.2d 719, 721 (1973). Paragraph Four of the settlement specifies that Salco's claim for acceleration, delay, and inefficiency costs is based on "acts or omissions on the part of Marriott . . . its contractors (other than Harkins' prime contract) or its agents, with

the understanding that Harkins is not considered an agent of Marriott" (Marriott's Memorandum of Law, Exhibit A). Because Salco stipulates that Harkins was in no way responsible for the delay/acceleration damages claimed, Harkins can have no real fear of liability for the Salco claim unless Harkins recovers for the Salco claim in this action. Thus, the Salco claim is also entirely contingent in nature.

The result is that there is no genuine dispute as to Harkins' liability for these claims. Harkins may only proceed with them if Marriott is liable to the subcontractors on these claims and if the law allows Harkins to sue on behalf of the subcontractors. As the court discussed above, Harkins alleged no facts giving rise to any legal cause of action by the subcontractors against Marriott; beyond this, the Counterclaim is barred as a matter of law.

In 1988, this Court ruled that § 8.01–281(A) of the Code of Virginia allows a contractor to sue for increased costs due to delay/acceleration on work performed by subcontractors, despite the contractor's failure either to discharge the claims or to expressly admit liability for them. *The George Hyman Construction Co. v. McLean Hotel Associates Limited Partnership*, 14 Va. Cir. 187 (1988). The opinion emphasized that the contractor must be able to prove not only the subcontractors' damages, but also the obligation which the contractor incurred to the subcontractors due to the owner's breach (of the prime contract). Because the settlements executed by Harkins show that Harkins is only contingently liable to the subcontractors for acceleration/delay damages, Harkins cannot prove that it incurred any liability to the subcontractors due to any breach by Marriott. The Court is of the opinion that the case at bar would not be governed by the *Hyman* case.

Furthermore, after the *Hyman* case was decided, the Virginia Court of Appeals held that lack of privity of contract absolutely bars contractors from asserting purely pass-through claims for the benefit of subcontractors. *APAC-Virginia v. Department of Highways and Transportation*, 9 Va. App. 450, 388 S.E.2d 841 (1990) (relying on *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989); *Blake Construction Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987); and *Cemetery Consultants, Inc. v. Tidewater Financial Directors Ass'n*, 219 Va. 1001, 234 S.E.2d 61 (1979)). At first glance, this decision would appear to be in opposition to this court's ruling in *Hyman*. After comparing the decisions, however, the Court is of the opinion that they can be harmonized. Although the Court of Appeals did not address the

issue of whether § 8.01–281(A) would have allowed the contractor to bring the action, the appellate court had no need to do so in the situation presented in that case.

In the *Hyman* case, the contractor sought to recover the cost of work performed by subcontractors as part of damages directly suffered by the contractor. Both Harkins and the contractor in *APAC* framed their pleadings in an *ex rel.* capacity. It also appears that neither the *APAC* contractor nor Harkins had any real fear of being held liable to the subcontractors under the existing circumstances. This conclusion appears to be implicit in the *APAC* decision, in which the delay/accelerations were not attributable to the contractor and a provision in the subcontract relieved the contractor of liability for the asserted claims. In summary, it appears that neither Harkins nor the contractor in *APAC* had any cause of action based on the claims, but the contractor in *Hyman* was prepared to show that the claims were recoverable as its own damages. The *Hyman* decision allowed contractors to show that they incurred increased costs (including apparently meritorious claims by subcontractors) which may have been recoverable in their own contract action; the decision did not state that § 8.01–281(A) creates a new form of action allowing contractors to recover for costs which they will never incur.

The Court therefore grants the Plaintiff's Motion to Strike.