## CIRCUIT COURT OF WESTMORELAND COUNTY

Michael Jackson

v.

Ray D. Pethtel, Commissioner,
Va. Department of Highways,
and T. W. Rhodes

September 4, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

This case is before the Court on the Demurrer of Defendants, Ray D. Pethtel, Commissioner of the Virginia Department of Highways (VDOT), and T. W. Rhodes (Resident Engineer), to a Motion for Judgment filed by plaintiff, Michael Jackson. Plaintiff was an employee hired by a subcontractor working for the prime contractor engaged by the VDOT. Plaintiff was removed from employment by the Resident Engineer pursuant to § 108.07 of the 1982 Road and Bridge Specifications which provide, in part, as follows:

> Any person employed by the Contractor or by any subcontractor who, in the opinion of the Engineer, does not perform his work in a proper and skillful manner or is intemperate or disorderly shall, at the written request of the Engineer, be removed forthwith . . . .

Following his removal, plaintiff sues to recover for loss of earnings, damages to reputation, and mental anguish. Defendants demur on grounds that: Plaintiff does not allege breach of any duty owed him by defendants; there is no privity of contract between plaintiff and defendants; that § 108.07 of the Specifications does not

create any rights in a Contractor or Subcontractor nor does it impose any standard of care on the Engineer in the exercise of his discretion when acting pursuant to this section; that the allegations of the Amended Motion for Judgment are insufficient to support an award for mental anguish; and finally, the Amended Motion for Judgment fails to make out a claim of gross negligence.

The Demurrer is sustained as to plaintiff's claim for lost earnings. Section 108.07 gives the Engineer the discretion to remove any employee under the circumstances described. This is an unequivocal statement of the terms to which employees who accept employment on highway projects are subject. The Section creates no contract rights for the benefit of the employees. Rather, complete discretion for termination is vested in the Engineer. We conclude, therefore, that there is no privity of contract between plaintiff and defendants.

The lost earnings claimed here were economic losses resulting from disappointed economic expectations (as opposed to losses resulting from injury to persons or property). Therefore, the law of contracts provides the sole remedy. *See Sensenbrenner v. Rust, Orling & Neal*, 236 Va. 419 (1988). Recovery in tort is available only where there is a breach of duty to provide for the safety of the person or property of another.

In *APAC-Virginia, Inc. v. Virginia Department of Highways and Transportation*, 9 Va. App. 450 (1990), the Court of Appeals held that privity of contract was a requirement for any claim for economic losses against VDOT. This opinion states: "[t]he common law requirement of privity of contract is well established. In Virginia, it is settled that no cause of action exists for a claim solely for economic loss, absent privity of contract."

Plaintiff also alleges in his Amended Motion for Judgment gross negligence by Rhodes in wrongfully removing him, resulting in damage to plaintiff's reputation and mental anguish, both of which are tort claims.

An award for mental anguish can only be supported by a claim of physical injury or intentional or willful and wanton conduct. The Amended Motion for Judgment alleges gross negligence, which is not the equivalent of a claim of willful and wanton negligence. "Willful or wanton negligence involves a greater degree of negligence than gross

negligence . . . ." *Tubman v. Commonwealth*, 3 Va. App. 267 (1986). Therefore, as to the claim for damages for mental anguish, the Demurrer is sustained.

As to the claim for damages to plaintiff's reputation, the Demurrer is overruled.

Counsel for defendants have requested sanctions against plaintiff in accordance with § 8.01-271.1 of the Code of Virginia. We do not believe sanctions are appropriate at this time, and the request is therefore denied. We would caution plaintiff, however, that the absence of evidence reasonably sufficient to support his remaining claim, assuming it is pursued, may prompt the Court to reconsider defendants' request.