## CIRCUIT COURT OF FAIRFAX COUNTY

Continental Federal Savings Bank

v.

Centennial Development Corp.

March 15, 1991

Case No. (Law) 101319

By JUDGE MICHAEL P. McWEENY

This matter comes before the Court on defendant's plea in bar and demurrer and plaintiff's motion to strike the same. After hearing oral argument, the Court took the matter under advisement.

The facts in this case are straightforward. According to the motion for judgment, Centennial Development Corporation ("Centennial") borrowed a sum of money from Providence Savings and Loan Association ("Providence"), as evidenced by a Note attached as Exhibit A. Continental Federal Savings Bank ("Continental") then entered into a Participation Agreement with Providence, in which Continental purchased from Providence a non-recourse sale of an undivided percentage ownership interest in the loan and Note. The Agreement is attached to the motion for judgment as Exhibit B.

On July 1, 1990, Centennial defaulted on the Note, and the entire amount became due. After instituting suit in the Federal Court against the guarantors, Continental brought this action against Centennial. Centennial has filed a plea in bar and demurrer, claiming that Continental does not have standing in the present action. Centennial argues that Continental was not a party or in privity to a party to the Note, and under the Participation Agreement, only Providence has the right to sue on the Note.

The first issue before the Court is whether Continental has standing to sue Centennial directly on the Note. Under Virginia law, an action on a contract must be brought in the name of the party in whom the legal interest is vested. As this legal interest is ordinarily vested only in the promisee or promisor, they or their privies are generally the only persons who can sue on the contract. *Cemetery Cons. v. Tidewater Fun. Dir.*, 219 Va. 1001, 1003 (1979); *APAC v. Va. Dept. of Transportation*, 9 Va. App. 450, 452 (1990). It is not the case that promisees, promisors, or their privies are the *only* persons who can sue; instead the person suing must have a legal interest in the contract.

In the present case, the Participation Agreement provides that Continental is the "legal and equitable owner of the undivided percentage participation interest in the Loan." Hence, the Agreement expressly passes a legal interest in the Note to the participating banks. *See also, In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 842-43 (Bkrtcy. S.D. N.Y. 1990).

However, this is insufficient to confer standing on Continental to sue Centennial directly on the Note in this case. Generally, the terms of the participation agreement govern the relationship between the parties, unless the agreement is ambiguous. *Mason & Dixon Lines v. First Nat. Bank*, 86 B.R. 476, 478 (M.D. N.C. 1988); *Franklin v. C.I.R.*, 683 F.2d 125, 128 (5th Cir. 1982). This Participation Agreement is not ambiguous. Section 10(j) of the Agreement clearly provides that "any legal action [in connection with the loan] . . . shall be taken in the name of [Providence] only." So although Continental did purchase a legal interest in the loan, they contractually limited their right to enforce the loan to an action taken *by Providence*, on its own name only, on their behalf. *See* Section 5(a) Participation Agreement. The signed Agreement is the only way Continental can reach Centennial at all, and they are bound by its provisions. The Court finds there is no standing for Continental to sue Centennial directly on the Note, based on the express terms of the Participation Agreement.

The next issue is the appropriate remedy for lack of standing. Continental contends that the appropriate party may be joined, while Centennial asks for dismissal

and sanctions under § 8.01-271.1. Statutes relating to misjoinder and nonjoinder are not applicable in situations where an original plaintiff lacks standing to bring the suit; "the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff." *Chesapeake House v. Va. National Bank*, 231 Va. 440, 442-43 (1986). Therefore, joinder is not appropriate in this case, and the action ought to be dismissed. Sanctions are also inappropriate in this case, as the filing was objectively reasonable. *See generally, Tullidge v. Board of Supervisors of Augusta County*, 239 Va. 611, 614 (1990).