## CIRCUIT COURT OF MONTGOMERY COUNTY

William A. Barnett

    v.

Branch & Associates, Inc.,
Thomas Rutherford Insurance,
Smithey & Boynton, and
Virginia Polytechnic Institute and
State University

November 4, 1991

By JUDGE KENNETH I. DEVORE

This matter is before the Court on the defendant's, Smithey & Boynton, demurrer, VPI & SU's (VPI) motion to dismiss, and Branch & Associates, Inc.'s motion to stay pending arbitration and motion to compel arbitration.

In March of 1986, Smithey & Boynton entered into a contract with VPI, pursuant to which Smithey & Boynton provided certain architectural services in connection with the design and renovation to the Squires Student Center located on the VPI campus. In the fall of 1988, VPI employed Branch & Associates (Branch), a general contractor, to build the Squires project. On November 14, 1988, the plaintiff entered into a subcontract with Branch, pursuant to which plaintiff was to perform certain work in connection with the Squires project. The plaintiff alleges that in making its bid as a subcontractor, it relied upon plans and specifications prepared by Smithey & Boynton, which provided that no work on the Squires

project would begin until all asbestos was removed. The plaintiff further alleges that after working on the Squires project for a number of months, it discovered asbestos in the building on February 22, 1989. The plaintiff seeks from Smithey & Boynton damages for illness such as pneumoconiosis, etc., resulting from Smithey & Boynton's alleged breach of contract and alleged negligence and/or fraud. This is set forth in the plaintiff's Motion for Judgment in Count II and Count IV. The plaintiff sues the bonding company that executed the bond in favor of the defendant, VPI, which provided that on default of Branch & Associates, Inc., the bond would be subject to recovery. Count III of the Motion for Judgment alleges that VPI failed to mention the presence of asbestos or to make a provision for its removal and this was negligence and fraud on the part of VPI, and that VPI fraudulently concealed information as to the presence of asbestos from the plaintiff.

The Court has considered arguments of counsel of October 2, 1991, and Memorandums of Law filed by the parties. The Court will take up Smithey & Boynton's demurrer first.

In Count II, the plaintiff attempts to set forth a cause of action for negligence and a cause of action for fraud against Smithey & Boynton. There is no common law duty that requires an architect to protect the contractor from purely economic loss. *Blake Construction Company, Inc. v. Alley*, 233 Va. 31 (1987). All the plaintiff has alleged in its Motion for Judgment is economic damages. The non-economic damages claimed in Count II are not recoverable as a matter of law. The plaintiff simply alleges that he "may suffer illness" in the future as a result of his exposure to asbestos. A plaintiff's right of action for damages for bodily injuries does not accrue until he is hurt. *Locke v. Johns Manville Corporation*, 221 Va. 951 (1981).

In reference to the fraud claimed, bare allegations of fraud will not support an action for fraud. The plaintiff must allege the facts out of which the fraud arises. *Koch v. Realty Corporation*, 205 Va. 65 (1964). Leave will be granted for the plaintiff to file a bill of particulars as to this point, if it be so advised. These particulars shall be filed within twenty-one days from this date.

In reference to a cause of action for breach of contract, this will be sustained by the Court. The plaintiff has no contract with Smithey & Boynton, nor does the Motion for Judgment allege that plaintiff is entitled to recover as a third party beneficiary of the contract between VPI and Smithey & Boynton. It is well established under Virginia Law that in order to proceed on the third party beneficiary contract theory, the plaintiff must allege and prove that the parties to the contract "clearly and definitely intended to confer a benefit upon him." *Copenhaver v. Rogers*, 228 Va. 361, 384 S.E.2d 593 (1989). The plaintiff's attempt to circumvent the privity bar alleging that it made a bid in the name of Branch & Associates is insufficient. *APAC-Virginia, Inc. v. Virginia Department of Highways and Transportation*, 9 Va. App. 450, 388 S.E.2d 841 (1990). The plaintiff failed to allege compliance with Virginia Code Sections 8.01-192 or 2.1-223.1 that it had exhausted its administrative remedies and VPI, or the Commonwealth of Virginia, received no claim or notice from the plaintiff prior to the filing of the suit. The plaintiff failed to allege a cause of action for fraud and in order to do so, the plaintiff must allege that the defendant knowingly misrepresented that material fact and that the plaintiff suffered damages as a result. *Westover Court Corporation v. Eley*, 185 Va. 718, 40 S.E.2d 177 (1946), and the plaintiff failed to comply with the Virginia Tort Claim Act.

In reference to Branch & Associates, Inc.'s motion to stay pending arbitration and a motion to compel arbitration, this is granted by the court, and the matter will be stayed pending arbitration, and the plaintiff shall comply with the subcontract agreement dated November 14, 1988.