CAMERON A. PATRICK

V.

RAY J. SUMMERS, ET AL.

Record No. 850616

June 10, 1988

Present: All the Justices

*Burton L. Albert (Kielkopf and Albert*, on briefs), for appellant.

*L. Richard Padgett, Jr.* for appellees.

CARRICO, C.J., delivered the opinion of the Court.

Upon a motion for judgment alleging fraud and deceit, the plaintiffs, Ray J. Summers and Norma S. Summers, obtained a jury verdict against the defendant, Cameron A. Patrick, for $1.00 compensatory damages and $15,000 punitive damages. The trial court overruled the defendant's motion to set the verdict aside and entered final judgment in favor of the plaintiffs. The dispositive question on appeal is whether the evidence is sufficient to support the jury's verdict.

The evidence shows that on December 1, 1981, the defendant, a real estate broker, placed this advertisement in the *Roanoke Times & World-News*:

$ Cash $

I will pay you cash for your property whether paid for or not. Call SONNY PATRICK 366-2401 or 992-4646. Century 21 Act I Real Estaters.

The plaintiffs saw the advertisement and contacted the defendant. He inspected the plaintiffs' home and told them he would buy it, pay them $5,000 in cash, and assume the outstanding indebtedness if he did not sell the property within 120 days. He prepared an agreement giving his firm the exclusive right to sell the property for 120 days from December 1, 1981. Noticing that the agreement made no reference to the defendant's separate undertaking to purchase the property, Mr. Summers asked that the undertaking be included in the written agreement. The defendant

added this provision: "If home not sold by 4/1/82, C. A. Patrick will purchase for $5000.00 down and assume existing loan." The agreement was then signed by the plaintiffs and the defendant.

Relying upon the defendant's separate undertaking, the plaintiffs purchased another house. The defendant was unsuccessful in selling the plaintiffs' old home, and "around April 1," Summers telephoned the defendant, reminded him of his separate undertaking, and asked him to "conclude [the] Contract as agreed." The defendant told Summers he "was not able to come up with the $5,000 at that particular time [and] would need [an extension of] 120 days" to obtain the funds necessary to close. The defendant also told Summers he would want a like extension of the listing agreement.

The plaintiffs were unwilling to extend the listing or to give the defendant another 120 days to purchase their property, being willing to wait only "a reasonable length of time, like . . . a month." When defendant did not close in what the plaintiffs considered a "reasonable length of time," they contacted an attorney to force the defendant "to do" as he had agreed.

After the plaintiffs moved into their new home, they rented the old one for a while and finally sold it through another realtor, closing the sale on April 1, 1983. They received from the sale a gross amount in excess of what they would have received had the defendant purchased the property, but they incurred expenses which reduced the net to an amount below the $5000 they would have received had the defendant performed.

 In Virginia, clear, cogent, and convincing evidence is necessary to establish an action for fraud and deceit. *Carter* v. *Carter*, 223 Va. 505, 509, 291 S.E.2d 218, 221 (1982). As a general rule, "fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Soble* v. *Herman*, 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940). The reason underlying the general rule is that "a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character." *Id.*

 The plaintiffs argue that there are well-recognized exceptions to the general rule. One of these exceptions, the plaintiffs point out, is where an action for fraud and deceit is "predicated on promises which are made with a present intention not to perform them, or on promises made without any intention to perform

them." *Lloyd* v. *Smith*, 150 Va. 132, 145, 142 S.E. 363, 365 (1928). "[T]he gist of fraud in such case is not the breach of the agreement to perform, but the fraudulent intent." *Id.*

The plaintiffs then attempt to demonstrate that their case comes within the exception recognized in *Lloyd*. They say that from the evidence, "the jury could reasonably have inferred that defendant had no intention of ever fulfilling the promise he made to purchase plaintiffs' home, and that he had never intended to fulfill that promise." The plaintiffs list the following items of evidence:

1. At the time the listing agreement was signed, Summers noticed that the agreement made no reference to the defendant's separate undertaking to purchase the plaintiffs' property, and Summers had to request inclusion of the undertaking in the written agreement;

2. When April 1 arrived and the defendant had not sold the property, he did not have the money to purchase it himself and attempted to extend the listing to make another effort to sell the property and avoid his obligation to purchase it;

3. After April 1, the defendant never gave the plaintiffs any definite indication he was ready to proceed with the purchase and never indicated that he was making preparations to purchase the property or that he was willing to close;

4. The defendant admitted that when he entered into the agreement with the plaintiffs, he did not have the money available to carry out his agreement; he never ordered the preparation of assumption papers or made any other preparations to assume the loan on the plaintiffs' property; and he contacted only one bank to borrow the money necessary to buy the property.*

■ In our opinion, this evidence is inadequate to qualify as the clear, cogent, and convincing proof required to establish an action

---

* The plaintiffs list one other item of "evidence" from which they say the jury could have inferred that the defendant never intended to fulfill his promise to purchase their property. We will not comment on this item other than to quote it:

Plaintiff Ray Summers . . . testified that he believed, since defendant had not made preparations for purchasing the property, that defendant had no intention of honoring that promise to begin with [.]

for fraud and deceit. While the evidence may be sufficient to raise doubts concerning the defendant's intention when the time came for performance of his promise to purchase the plaintiffs' property, it is insufficient as a matter of law to show he had the intent to defraud at the time he made the promise. Proof of fraudulent intent at that time was crucial to the plaintiffs' case.

█ The evidence is sufficient to show nothing more than an ordinary case of breach of contract. It is not difficult to understand why the plaintiffs would attempt to elevate their cause of action to one for fraud, with a possible recovery of punitive damages, given their inability to persuade the jury they were entitled to more than $1.00 in compensatory damages. But without the increased proof the law requires to establish fraud, the trial court should have set aside the verdict in the plaintiffs' favor.

We will reverse the judgment of the trial court, vacate the jury's verdict, and enter final judgment here in favor of the defendant.

*Reversed and final judgment.*