940 F.2d 652
 20 Fed.R.Serv.3d 1425
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GUST K. NEWBERG CONSTRUCTION COMPANY, Plaintiff-Appellant,
v.
COUNTY OF FAIRFAX, Fairfax County Board of Supervisors,
Defendants-Appellees.
GUST K. NEWBERG CONSTRUCTION COMPANY, Plaintiff-Appellant,
v.
COUNTY OF FAIRFAX, Fairfax County Board of Supervisors,
Defendants-Appellees.
 Nos. 90-2463, 90-2513.
 United States Court of Appeals, Fourth Circuit.
 Aug. 15, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-90-470-A)
 Jeffrey Gerard Gilmore, Wickwire, Gavin, P.C., Vienna, Va. (Argued), for appellant; Jon M. Wickwire, Shannon J. Williams, Wickwire, Gavin, P.C., Vienna, Va., on brief.
 Kenneth C. Bass, III, Venable, Baetjer and Howard, McLean, Va. (Argued), for appellees; Daniel J. Kraftson, Michael W. Robinson, Venable, Baetjer and Howard, McLean, Va., on brief.
 E.D.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before K.K. HALL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and JOHN C. GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Gust K. Newberg Construction Company ("Newberg") instituted this action in the United States District Court for the Eastern District of Virginia against defendant-appellee County of Fairfax, Virginia ("the County"). Newberg's complaint stemmed from a dispute arising from its renovation of a pollution control plant ("the Project") operated by the County. The district court granted the County's motion to dismiss all claims in Newberg's original complaint except a single fraud claim and, at the close of pre-trial discovery, granted the County's motion for summary judgment on the fraud claim. The district court also awarded Rule 11 sanctions against Newberg and its counsel. Newberg appeals.
 
 I.
 
 2
 In June 1983, the County retained Engineering Science Co. ("the Engineer") to design the Project and provide resident engineering services during construction. The contract between the County and the Engineer provided:
 
 
 3
 The first 6.5% of the final Constructed Value or settlement costs attributable to ENGINEER'S negligent acts, errors or omission in performance of this AGREEMENT shall be borne by the ENGINEER. The determination as to whether such change orders or settlement costs are so attributable to ENGINEER shall be made by the Director of Public Works or his designee.
 
 
 4
 In December 1986, the County awarded the contract for construction of the Project ("the Contract") to Newberg, the lowest of six bidders.
 
 
 5
 The Contract establishes three administrative levels of decision making for contractor claims and disputes: (1) evaluation and recommendation by the Engineer; (2) appeals from the Engineer's decisions to the Director of the Department of Public Works ("DPW"); and (3) appeals to the County Executive or his designee. After commencing construction in early 1987, Newberg experienced significant cost overruns, delays and other performance problems which it attributed to the County and/or the Engineer. Pursuant to the Contract, Newberg presented its various claims to the Engineer for evaluation and recommendation. On numerous occasions, Newberg appealed the Engineer's adverse decisions to the County's Director of DPW. Newberg appealed certain adverse decisions of the Director of DPW to the County Executive.
 
 
 6
 On April 5, 1990, Newberg filed its five count complaint seeking declaratory relief. Count I sought a declaration that the administrative dispute resolution process used by the County was unconstitutional and that Newberg was entitled to rescind the Contract and seek quantum meruit damages. Count II sought a declaration that Newberg was fraudulently induced to enter into the Contract and that it was entitled to rescind the Contract and seek quantum meruit damages. Count III sought a declaration that Newberg was entitled to rescind the Contract because "cardinal changes" to the Contract had been unilaterally imposed and that Newberg was entitled to quantum meruit damages. Count IV sought a declaration that Newberg was entitled to rescind the Contract because the contract between the Engineer and the County was illegal and against public policy and that Newberg was entitled to damages. Count V sought a declaration that Newberg was entitled to reformation and damages on the ground of fraud.
 
 
 7
 The district court dismissed Counts I, III, IV, and V pursuant to the County's Rule 12(b)(6) motion. The district court ruled that Newberg was required to first exhaust administrative remedies before filing suit and that the decision makers appointed by the County satisfied the "disinterested person" standard envisioned by the Virginia Procurement Act, Va.Code Ann. Sec. 11-71 (1989) ("the Procurement Act").
 
 
 8
 Newberg sought and was granted leave to amend its complaint. Newberg's amended complaint incorporated Count II and added Counts VI and VII. Count VI was a request for a declaration that the dispute resolution process be found unconstitutional and the Contract subject to rescission. This count contained factual allegations regarding Newberg's attempts to exhaust administrative remedies and the relationship between the County and the Engineer. Count VII reasserted Newberg's request for a declaration that it be entitled to rescind the Contract with the County on the grounds of "cardinal changes." This count also contained allegations of Newberg's attempts to exhaust administrative remedies. The district court granted the County's motion to dismiss the amended complaint on the ground that Counts VI and VII raised no new legal or factual considerations. The County then moved for summary judgment on the fraud claim contained in Count II, the sole remaining cause of action. The district court granted this motion finding that there was no genuine issue of material fact and that Newberg would be unable to produce evidence at trial sufficient to create a jury question on the fraud claim. The County sought sanctions under Rule 11 against Newberg and its counsel for filing the amended complaint, and the district court granted the motion awarding the County $7,350.00.
 
 
 9
 This appeal presents the following issues: (1) whether the district court erred in granting the County's motion to dismiss Counts I, III, IV and V for failure to state a claim upon which relief can be granted; (2) whether the district court erred in granting the County's motion for summary judgment on Count II, the fraudulent inducement claim; and (3) whether the district court erred in awarding Rule 11 sanctions against Newberg and its counsel.
 
 II.
 
 10
 The district court granted the County's Rule 12(b)(6) motion to dismiss Counts I, III, IV, and V, finding that Newberg failed to exhaust its administrative remedies as required by the Contract. We agree. It is undisputed that Article 7.4.2 of the Contract provides that "[a] party may not institute legal proceedings until all administrative remedies as set forth herein or as required by the ordinances or resolutions of Fairfax County have been exhausted." The County's Purchasing Resolution also specifically provides that "[n]o bidder, offeror, potential bidder or offeror, or contractor shall institute any legal action until all administrative remedies available under this Article have been exhausted and until statutory requirements have been met." Furthermore, Virginia's Procurement Act unequivocally requires that once administrative procedures are invoked by a contractor, they "shall be exhausted prior to instituting legal action concerning the same procurement transaction unless the public body agrees otherwise." Va.Code Sec. 11-70.F. (1989). Given the clear language of the Contract, the County's Purchasing Resolution, and the Procurement Act, we find that the district court acted properly in requiring that Newberg exhaust its administrative remedies prior to seeking judicial intervention in this dispute.
 
 III.
 
 11
 We now consider whether the qualitative nature of the available administrative remedies is consistent with the Procurement Act's mandate that, if a public body establishes an administrative appeals procedure, "[s]uch administrative procedure shall provide for a hearing before a disinterested person or panel." Va.Code Ann. Sec. 11-71(1989) (emphasis added). The County, pursuant to this enabling language, established an administrative appeals process and is bound by this requirement of a "disinterested person or panel." While we do not accept Newberg's suggestion that any County employee serving as an administrative hearing officer is per se interested because of his duty to protect the public purse, we cannot accept the converse argument that any County employee serving as an administrative hearing officer would satisfy the "disinterested person" standard. We are troubled by the fact that the Contract between Newberg and the County includes an unusual indemnity provision which makes the Engineer liable for costs incurred by the County as a result of design related change orders and claims asserted by the contractor.[1] Even more troubling than the existence of this indemnity provision is one key fact: It is the Engineer, who must indemnify the County for costs incurred as a result of change orders and claims asserted by the contractor. It is the same Engineer who is charged with the responsibility for making an initial evaluation and recommendation regarding these very items. Clearly, the 6.5% indemnity provision creates perverse incentives for the Engineer to shift the cost of errors and omissions to Newberg, the contractor, rather than absorbing the cost of such design flaws up to the 6.5% limit. We are also bothered by the fact that no less than five different persons have served as hearing officers in what is a very confused administrative process.[2] While we specifically refrain from ruling on whether any of the hearing officers in this case were in fact "interested" in violation of the Procurement Act's mandate, we find that, in the future, controversy can best be avoided by appointment of new hearing officers who (1) are not employees of the County, (2) are completely independent of the parties, and (3) are knowledgeable of the construction business.
 
 IV.
 
 12
 We now turn our attention to whether the district court erred in granting the County's motion for summary judgment on Count II, the fraudulent inducement claim. After considering the applicable law and the facts of this case, we find that the district court was correct in granting the County's summary judgment motion.
 
 
 13
 It is settled under Virginia law that the elements of actual fraud are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Winn v. Aleda Constr. Co., 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). Furthermore, the party charging fraud must establish fraud by "clear, cogent and convincing evidence." Patrick v. Summers, 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988). Thus, in response to the County's motion for summary judgment, Newberg bore the burden of adducing sufficient evidence which would allow a fact-finder to conclude by clear and convincing evidence that the County perpetrated fraud. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252-56 (1986).
 
 
 14
 Newberg's claim of fraud is predicated upon three alleged nondisclosures by the County: (1) failure to disclose that the Engineer was biased; (2) failure to disclose that the plans and specifications were deficient and that the County knew this to be the case; and (3) failure by the County to disclose that it knew at the time it entered into the Contract that it would not accept "equal" products in accordance with the Procurement Act. As the district court properly concluded, none of these allegations was supported by evidence sufficient to defeat the County's motion for summary judgment. First, Newberg's allegation regarding failure to disclose a biased Engineer is based entirely on the fact that the County's contract with the Engineer contained an indemnification clause making the Engineer liable for certain errors and omissions. Newberg, however, knew prior to submission of its bid on November 13, 1986 that the County had a contract with the Engineer. Newberg not only failed to ask for a copy of this contract prior to submitting its bid, but it could have obtained, as it ultimately did, a copy under the Virginia Freedom of Information Act. Newberg's failure to obtain what was publicly available information cannot be the basis of a claim for fraudulent inducement. Second, Newberg has failed to offer sufficient evidence to create a genuine issue of fact with regard to its claim that the County failed to disclose that the plans for the Project were deficient. The County has never conceded that the plans for the Project are in fact deficient, and, even if one assumed material deficiencies, Newberg still bears the burden of coming forward with clear and convincing evidence that the County knew the plans were deficient. As the district court correctly concluded, Newberg has not carried this burden. Finally, Newberg has offered no evidence that the County has failed to accept products that it has deemed equal, nor any evidence that the County intended, at the time the Contract was entered into, to promise that it would accept equal products while intending never to do so. Given the shortcomings of Newberg's factual allegations and the clear and convincing standard by which they must be measured, we find that the district court properly granted the County's motion for summary judgment on the fraudulent inducement claim.
 
 V.
 
 15
 Following the entry of summary judgment and the dismissal of Newberg's amended complaint, the district court granted the County's motion for Rule 11 sanctions and awarded the County $7,350.00 to cover the costs of opposing Newberg's amended complaint. Newberg contends that this award of sanctions constitutes an abuse of discretion by the district court. We agree and therefore reverse the district court's award of such sanctions.
 
 
 16
 It is understood that there is no violation of Rule 11 if the attorney signing the pleading, motion or other paper undertakes a reasonable inquiry of the facts and law and does not file the document for an improper purpose. Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985). Rule 11 is not intended to "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Id. In Newberg's amended complaint, it asserted several new factual allegations dealing with an alleged "joint defense" arrangement between the County and the Engineer. Specifically, Newberg alleged that the County's counsel was engaged in improper ex parte meetings with various hearing officers in order to discuss the merits of the case, and at the same time the County was defending the integrity of the administrative procedures being challenged before the court. Without making any factual findings as to the validity of these allegations, the district court found that the amended complaint was "nothing more than a recast version of the original complaint" containing "mirror images of the counts the court had already dismissed [in the original complaint]." We disagree and find that these allegations, especially in light of Newberg's claim of a biased review process, were of potentially great significance to its claims for relief. We find that the district court abused its discretion in levying sanctions against Newberg and its counsel without any finding that Newberg's allegations of improper ex parte communications were made in bad faith.
 
 
 17
 The appellant's motion to supplement the record, and the appellee's motion to strike portions of the joint appendix and the reply brief are denied. For the foregoing reasons, we affirm in part, reverse in part and remand for proceedings consistent with this opinion.
 
 
 18
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 This potential liability of the Engineer is capped at 6.5% of the "final Constructed Value" of the project
 
 
 [2]
 The administrative process established to deal with disputes between Newberg and the County is quite cumbersome. Newberg, on many occasions, appealed the Engineer's adverse decisions to Mr. di Zerega, the Director of DPW, pursuant to Section 7.4.1 of the Contract and the County's Purchase Resolution. Newberg regularly appealed adverse decisions rendered by Mr. di Zerega to J. Hamilton Lambert, the County Executive, pursuant to Section 7.4.2 of the Contract. Mr. Lambert uniformly referred such appeals to his designee, Mr. Kent, the Deputy County Executive for Planning & Development, or his successor, Mr. Anthony Griffin, pursuant to Section 7.4.2. For a brief time period when the position of Deputy County Executive for Planning & Development was vacant, Mr. Lambert designated Mr. Stan King, Deputy County Executive for Public Safety, as a hearing officer for Newberg's claims and appeals