**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA J. GRASSO,
Plaintiff-Appellant,

v.

JIM BERG, t/a Len Stoler Lexus;
BARRY SEGAL, t/a Len Stoler Lexus;
WILLIAM RAULSTON, t/a Lexus
Financial Services, Toyota Motor
Credit Corporation; DOUGLAS                    No. 96-1123
SEABREEZE, t/a Lexus Financial
Services, Toyota Motor Credit
Corporation,
Defendants-Appellees,

and

LEN STOLER, t/a Len Stoler Lexus,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-492-A)

Submitted: April 29, 1997

Decided: May 22, 1997

Before NIEMEYER and MICHAEL, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barbara J. Grasso, Appellant Pro Se. Anthony Eugene Grimaldi, DOHERTY, SHERIDAN & GRIMALDI, Fairfax, Virginia; Madeline Agnes Trainor, TYLER, BARTL, BURKE & ALBERT, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barbara Grasso appeals from a district court judgment order entered in favor of the Appellees after the court granted their motion for judgment as a matter of law at the conclusion of Grasso's trial evidence. In this diversity action, Grasso alleged that the Defendants, employees of a Lexus automobile dealership and of Toyota Motor Credit Corporation, fraudulently induced her to enter into an agreement to lease a Lexus automobile, and also breached that agreement. We review de novo a district court's decision to grant or deny a motion under Fed. R. Civ. P. 50(a) for judgment as a matter of law. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985).

The record discloses that Barry Segal, a Lexus salesman, was the only Defendant to discuss the lease terms with Grasso prior to its execution. A misrepresentation, or a concealment of a fact, arising after formation of a contract, cannot constitute fraudulent inducement to enter into a contract. See Ware v. Scott, 257 S.E.2d 855, 857 (Va. 1979). Therefore, of the several Defendants in this action, only Segal could have induced Grasso to enter into the lease agreement.

The record, however, reveals no fraudulent misrepresentations by Segal to Grasso. Grasso's claims of fraud stem from her allegations

2

that she signed the lease based on assurances from Segal that he would later provide further written information explaining the terms of the lease, but that he never kept his promises. Fraud generally must relate to a pre-existing fact, and cannot be predicated on unfulfilled promises or statements as to future events. See Patrick v. Summers, 369 S.E.2d 162, 164 (Va. 1988). Although an exception applies where the promise is made with the intent of not performing it, Grasso made no allegations regarding Segal's intentions at the time of the alleged promises, and submitted no evidence relating to intent. We therefore conclude that the district court properly found that a reasonable jury could not have found fraudulent inducement in this case.

We also agree with the district court's finding that Grasso submitted no evidence of breach of contract. In short, Grasso identifies no provision in her lease agreement which has been breached. The judgment order of the district court is, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3