Bradley NIGH, Plaintiff,

v.

KOONS BUICK PONTIAC GMC, INC.
and Household Automotive Finance
Corporation, Defendants.

No. CIV. A. 00–1634–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 2, 2001.

Alexander Hugo Blankingship, Alexandria, VA, for Plaintiff.

Arthur Mark Schwartzstein, McLean, VA, for Defendant.

### ORDER

LEE, District Judge.

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. The Court has granted summary judgment for Defendant Koons Buick Pontiac GMC, Inc. on several of Plaintiff Bradley Nigh's claims and on two of Koons' counterclaims. *See generally Nigh v. Koons Buick Pontiac GMC, Inc.,* 143 F.Supp.2d 535 (E.D. Va. 2001) (Lee, J.) (pending publication). Of the claims for which Nigh moves for summary judgment in the instant motion, only two remain for disposition: (1) whether Koons is liable for violating technical aspects of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.;* and (2) whether Koons violated the Truth In Lending Act with regard to the APR Koons disclosed on the Retail Installment Sales Contract of March 5, 2000. For the reasons stated below, the Court holds that Nigh is not entitled to summary judgment on the claims for which he seeks summary judgment in this motion.

■ Nigh alleges in his Complaint that Koons committed several technical violations of the Federal Odometer Act ("FOA"). *See* 49 U.S.C. § 32705, 49 C.F.R. § 580.5 (indicating the required disclosures on an Odometer Disclosure Statement). Examination of the Odometer Disclosure Statements ("ODS") at issue in this case reveals that Koons did in fact fail to include required information on the ODS and failed to insert a mileage update on the re-assignment form submitted to the DMV. (Def. Opp'n to Mot. for Summ. J., Ex. 2: ODS; *Id.* Ex. 4: Reassignment Form.) However, the FOA does not impose strict liability on dealers who violate the Act. Under the FOA, a dealer is only liable to private persons if the dealer violates FOA requirements "with intent to defraud." *See* 49 U.S.C. § 32710. Nigh must demonstrate that he reasonably relied on misrepresentations or inaccurate information provided by Koons in order for Nigh to establish that he was defrauded. *See Kline v. Nationsbank of Virginia, N.A.,* 886 F.Supp. 1285, 1286 (E.D.Va. 1995). To demonstrate reliance, Nigh must show that he had a reasonable belief that the information Koons provided was true. *See Wells v. Wells,* 12 Va.App. 31, 401 S.E.2d 891, 893 (1991). Upon the facts of this case, the Court finds that no reasonable factfinder could find that Koons intended to defraud Nigh by failing to sign the ODS, indicating mileage of 46,779 miles on the ODS and Reassignment of Title Forms completed after February 4, 2001, indicating a different date of sale on the re-assignment form than the

date Nigh signed the form, and filling in the blank re-assignment form after Nigh had signed it. The facts are undisputed that Koons disclosed the actual mileage of the working and accurate odometer on the Truck when Nigh took possession of the Truck on February 4, 2001. Nigh continued to have access to the Truck and its odometer reading through the dates when Koons allegedly committed fraudulent acts. Nigh's actual knowledge of the Truck's mileage precludes a finding that Koons defrauded Nigh in making the representations on the ODS and re-assignment forms.

■ However, Nigh can bring a civil action for Koons' alleged efforts to defraud the Virginia Department of Motor Vehicles. Nigh points out that the FOA's language does not state that a violation be committed with intent to defraud *the purchaser* of an automobile. *See* 49 U.S.C. § 32710. Nigh argues that Koons' actions defrauded the DMV. The statute creates a private right of action for private persons to penalize violations of the FOA. The statute states as follows:

**(a) Violation and amount of damages.**—A person who violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $1,500, whichever is greater.
**(b) Civil actions.**—A [private] person may bring a civil action to enforce a claim under this section . . . .

*Id.* The statute provides for the policing of dealers by private individuals. Private actions permit suit for violations about which the DMV and the State might not otherwise know. In a case such as this one, where a private person sues for the defrauding of a third person (i.e., the DMV), damages are limited to $1,500 if the purchaser himself (i.e., Nigh) has suffered only minimal damages. (Pl. Reply to Def.

Opp'n to Pl. Mot. for Summ. J. at 9 (stating that Nigh does not claim significant damages as a result of the FOA violations).) Therefore, it is appropriate for Nigh to maintain a private cause of action for Koons' alleged FOA violations and defrauding of the DMV.

■ However, Koons' intent to defraud remains in dispute. Therefore, while the Court denies summary judgment as a matter of law on Nigh's claims that Koons' FOA violations defrauded Nigh, Nigh's FOA claim as to Koons' technical violations remain as to violations affecting the DMV.

■ Yet, the Court holds that Nigh is not entitled to summary judgment against Defendant Household Automotive Finance Corporation ("HAFC") on the FOA claims. Nigh asserts the same claims against HAFC as against Koons under the "FTC Holder Rule." The FTC Holder Rule provides that a holder of a consumer credit contract is subject to the same claims that the debtor on the contract can assert against the seller of the goods or services. (Compl. Ex. F: Retail Installment Sales Contract (setting forth FTC Holder language).) Here, HAFC is the holder of the credit contract that Nigh signed because HAFC was assigned the contract. (Def. Opp'n to Pl. Mot. for Summ. J., Ex. 3: Certificate of Title (listing HAFC as the lien-holder).) As holder of the credit contract, HAFC is not only subject to the same claims that Nigh can assert against Koons, but may also assert the same defenses as Koons. (Compl.Ex. F.) Accordingly, HAFC may adopt Koons' defense that Nigh has not demonstrated the necessary "intent to defraud" for HAFC to be liable for an FOA violation. *See* 49 U.S.C. § 32710. The Court finds that Nigh can not demonstrate that HAFC acted with intent to defraud either Nigh or the DMV in connection with the technical violations of the FOA. HAFC could not undertake to

defraud Nigh or the DMV by inserting incorrect and incomplete information in the ODS and re-assignment form because HAFC did not fill out the forms. Therefore, the Court holds as a matter of law that Nigh is not entitled to summary judgment against HAFC on the FOA claims.

The Court further holds that Nigh is not entitled to summary judgment on the sole claim remaining under Count 4. Nigh argues a Count 4 claim in his motion for summary judgment that he does not plead in his Complaint. Nigh argues in his motion that Koons violated TILA by disclosing an incorrect Annual Percentage Rate ("APR"). *See* Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.*, (commonly known as the Truth in Lending Act), as implemented by Regulation Z, 12 C.F.R. § 226. Nigh asserts that Koons disclosed an APR calculated upon an initial first term of 45 days, based on the Retail Installment Sales Contract ("RISC") of February 25, 2000. (Mot. for Partial Summ. J. at 14–15.) Nigh contends in his motion that Koons should have calculated the APR based on the consummation date of the third RISC ("RISC 3"), March 5, 2000. (*Id.* at 15.) However, the only claim Nigh alleges in his Complaint as to the disclosure of an inaccurate APR is that the APR is incorrect as a result of Koons' disclosure of an incorrect amount financed, finance charge, total of payments, and sales price. (Compl. ¶ 78.) This Court has already held that Koons did not disclose inaccurate amounts for the amount financed, the finance charge, the total of payments, and the sales price. *See Nigh v. Koons,* at 552–53. Therefore, the Court

holds as a matter of law that Nigh is not entitled to summary judgment on the APR TILA claim as alleged in the Complaint.

◼ The Court further holds that Nigh is not entitled to summary judgment on his APR TILA claim alleged in his motion. Nigh's claim that Koons improperly engaged in back-dating to arrive at the APR disclosed on RISC 3 is a new APR claim raised for the first time on summary judgment.[1] Nigh's effort to amend his claim at the summary judgment stage is inappropriate. *See* FED. R. CIV. P. 8(a) (requiring a statement of the claim indicating the grounds upon which the pleader is entitled to relief *in the pleading which sets forth the claim*); *see also Hodges v. Koons Buick Pontiac GMC, Inc.,* C.A. No. 00–793–A, at 9–10 (E.D.Va. Jan. 3, 2001) (Brinkema, J.) (unpublished Opinion) (holding that summary judgment for the defendant was appropriate on a claim raised for the first time on a motion for summary judgment). Therefore, the Court denies Nigh's motion for summary judgment as a matter of law as to the APR disclosed on RISC 3. Consequently, there are no claims remaining for trial under Count 4.

◼ In addition, the Court holds as a matter of law that Nigh is not entitled to summary judgment on any TILA claims asserted against Defendant Household Automotive Finance Corporation ("HAFC"). Nigh asserts TILA claims against HAFC as the assignee of his automobile loan. Under TILA, a lender may bring any civil action against an assignee of a creditor

---

1. Nigh first made the allegation of back-dating in response to Defendant Koons' motion for summary judgment. (Pl. Opp'n to Mot. for Summ. J. at 13.) The Court recognized at that time that Nigh's back-dating argument was not based in the Complaint; however, as Koons did not move for summary judgment on the nonexistent claim, the Court did not rule on the argument when the Court addressed Koons' motion for summary judgment. The claim is now properly before the Court for consideration on summary judgment.

that the lender can bring against a creditor. *See* 15 U.S.C. § 1641. However, for a claim of a TILA violation to stand against an assignee, the violation for which the lender brings the civil action must be apparent on the face of the disclosure statement. *See id.* § 1641(a). "An assignee's sole duty under TILA is to examine the assigned documents for any irregularities or illegalities." *Irby–Greene v. M.O.R., Inc.,* 79 F.Supp.2d 630, 633 (E.D.Va.2000). On the last claim remaining under Count 4, Nigh can not demonstrate that there were any facial abnormalities to RISC 2–or any of the RISCs-which would subject HAFC to liability as assignee of the RISC. HAFC had no reason to know that the silencer was an improper charge merely because it was disclosed on the RISC. Therefore, Nigh can not prevail on its TILA claim against HAFC. For these reasons, Nigh's motion for partial summary judgment is denied as to the claims remaining before the Court.

In its opposition to Nigh's motion for partial summary judgment, Koons asserts that the Court should have granted Koons' motion for summary judgment on two issues that remain before the Court: (a) inclusion of the silencer on the February 25, 2000 sales contract (claimed in Count 3), and (b) Koons' alleged representation that Koons considered the Truck as stolen if Nigh did not sign a new sales contract (claimed in Count 5).

■■■■ Koons argues that the "safe harbor" provision for corrective errors found in 15 U.S.C. § 1640(b) shields it from liability for erroneously including the silencer on the second RISC ("RISC 2"). In its motion for summary judgment, Koons argued that the safe harbor provisions of 15 U.S.C. § 1640 afforded Koons protection from liability. (Def. Mot. for Summ. J. at 7) (citing 15 U.S.C. § 1640(b).) In opposition to Koons' mo-

tion, Nigh argued that neither the safe harbor provision of § 1640(b) nor § 1640(c) provided Koons with a defense. The Court considered Koons' arguments and Nigh's response and found that only § 1640(c), not § 1640(b), offered a defense upon which Koons could prevail. Congress intended the "Correction of errors" defense to provide a safe harbor for mathematical clerical errors. *See Thomka v. A.Z. Chevrolet, Inc.,* 619 F.2d 246, 250–51 (3rd Cir.1980). Inclusion of the silencer is not a mathematical error; it is more accurately characterized as an informational error. RISC 2 indicated that Koons had installed a silencer when Koons had not. Accuracy of information is the very thing the Truth in Lending Act seeks to accomplish. Therefore, Koons can not prevail on the "correction of errors" defense meant for application to mathematical clerical errors. However, the statute explicitly states that the "bona fide error" defense protects creditors from errors that "include, *but are not limited to,* clerical [and] calculation ... errors." 15 U.S.C. § 1640(c) (emphasis added). *But see Thomka,* 619 F.2d at 250–51 (interpreting both § 1640(b) and § 1640(c) to be limited to addressing mathematical clerical errors). Therefore, § 1640(c) could shield Koons from the kind of "clerical" error here, which involved the inclusion of incorrect information rather than merely a mathematical miscalculation; while § 1640(b) could not.

■■■■ Addressing Koons' argument that it was entitled to summary judgment regarding Koons' statement that the Truck was stolen, the Court finds Koons' renewed arguments to be without merit. The Court observes a distinction between Nigh's misrepresentation claim pled under the Virginia Consumer Protection Act, Virginia Code § 59.1–196 *et seq.,* and his fraud claim pled under common law. For

the VCPA claim, Nigh alleged that Koons misrepresented that Nigh "was required to sign the second and third notes." (Compl.¶ 91.) The Court finds that this alleged misrepresentation was as to a current state of affairs. Koons' alleged statement that the Truck would be considered stolen if Nigh did not sign RISC 3 went to the current legitimacy of Nigh's possession of the Truck. The threat to report the Truck as stolen was not the misrepresentation; the implication and/or information underlying the statement allegedly made by Koons constituted the misrepresentation. The circumstances surrounding Koons' representation that Nigh was required to sign RISC 3 remain in dispute and must be determined by the trier of fact.

■ Nigh's fraud claim is distinguishable. The threat to report the Truck as stolen comprised the entire fraud claim, without any representation about the current legitimacy of Nigh's possession of the Truck. (Compl.¶ 128(i).) The threat was a statement of future events, upon which a fraud claim can not stand. *See Patrick v. Summers*, 235 Va. 452, 369 S.E.2d 162, 164 (1988). Therefore, the Court's previous disposition on the Count 3 and Count 5 claims stands.

Accordingly, for the reasons stated above, it is hereby

ORDERED that Plaintiff Bradley Nigh's Motion for Partial Summary Judgment is DENIED in full. The issues remaining for trial [2] are (1) whether Defendant Koons Buick Pontiac GMC, Inc. committed technical violations of the Federal Odometer Act with the intent to defraud the Department of Motor Vehicles;

(2) whether Koons failed to have procedures in place to guard against errors such as including incorrect charges on sales contracts, thereby violating the Truth In Lending Act; and (3) whether Koons violated the Virginia Consumer Protection Act by representing that Nigh's possession of the Truck was illegitimate.

The Clerk is directed to forward a copy of this Order to counsel of record.

---

**2.** Nigh filed his Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment on April 26, 2001. The Reply raised several arguments as to the legitimacy of claims already disposed of by this Court in its

April 20, 2001 Memorandum Opinion. The Court is treating the Reply as a motion to reconsider the Court's Opinion. Additional claims may exist for trial upon disposition of the motion to reconsider.