460

# CIRCUIT COURT OF CHESTERFIELD COUNTY

Joseph L. Waters
and Lindsey P. Waters

v.

CitiMortgage, Inc.,
and Equity Trustees, L.L.C.

January 14, 2013

Case No. CL12-2210

BY JUDGE WILLIAM R. SHELTON

This matter came before the Court on December 6, 2012, for a hearing on Defendants' Demurrers. I took the matter under advisement, and after studying the motions in detail, reviewing the pertinent case law and statutes, and examining the memoranda submitted in this case, I am prepared to rule. I will begin with Equity, L.L.C.'s demurrer, as it was filed first in time.

*Standard of Review*

A party may file a demurrer upon "the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted." Va. Code § 8.01-273. When assessing

a demurrer, the Court "tests only the legal sufficiency of a pleading, not matters of proof." *Cox Cable Hampton Rds., Inc. v. City of Norfolk,* 242 Va. 394, 402-03, 410 S.E.2d 652, 656 (1991).

A pleading "shall state the facts on which the party relies . . . and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d). "Courts accept as true all properly pleaded facts and all inferences fairly drawn from those facts," *Augusta Mut. Ins. Co. v. Mason,* 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007) (quoting *Glazebrook v. Board of Supervisors,* 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003)), and must consider a pleading in the light most favorable to the plaintiff. *Renner v. Stafford,* 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993).

### Defendant Equity Trustees, L.L.C.'s Demurrer

Defendant Equity Trustees, L.L.C. ("Equity") filed its demurrer on the grounds that the complaint fails to state a claim upon which relief may be granted and fails to allege facts that could give rise to a claim for which relief can be granted. In its memorandum in support of the demurrer filed by Equity Trustees, L.L.C., Equity incorporates and adopts the arguments set forth by CitiMortgage, Inc. ("CitiMortgage") in its demurrer, and argues the following two issues: (1) the plaintiffs Joseph L. Waters and Lindsey P. Waters (collectively "the plaintiffs") have not sufficiently alleged that they could have the trustee's sale and appointment instrument rescinded, and (2) the plaintiffs lack legal standing to question the validity of the appointment of substitute trustee instrument.

### A. *Rescission of the Appointment Instrument and Sale of the Property*

Equity argues that the plaintiffs' quiet title claims (Counts One, Two, Three, Five, Six, and Seven) are more appropriately treated as claims for rescission because the claims for quiet title ultimately seek to set aside the foreclosure sale. (Memorandum in Support of the Demurrer Filed by Equity Trustees, L.L.C., p. 3.)

When seeking rescission, a pleading must present facts showing that the plaintiff is entitled to equitable relief. *Bonsal v. Camp,* 111 Va. 595, 599, 69 S.E. 978, 979 (1911). The Supreme Court of Virginia has held that "damages may be awarded at law after a foreclosure sale has been conducted improperly because the power of foreclosure has not accrued. Equitable relief is available to enjoin the improper sale before it occurs as well." *Mathews v. PHH Mortg. Corp.,* 283 Va. 723, 731, 724 S.E.2d 196, 199, n. 1 (2012). "A suit for rescission is the counterpart of a suit for specific performance. Both are addressed to the sound discretion of the court, and, in neither, will relief be granted to one who has been guilty of inexcusable delay in asserting the right." *Dobie v. Sears, Roebuck & Co.,*

164 Va. 464, 470, 180 S.E. 289, 291 (1935). Furthermore "[r]escission is an equitable cause of action" and "the Court's case law has consistently applied the doctrine of laches — and not statutes of limitations — in determining whether rescission actions are time-barred." *Nunnenkamp v. Copenhaver,* No. 092506, 2011 Va. LEXIS 240, at *1 (July 29, 2011) (citing *Management Enters., Inc. v. Thorncroft Co.,* 243 Va. 469, 473-74, 416 S.E.2d 229, 232 (1992)). However, Virginia adheres to the long-standing principle that, "in respect to the statute of limitations, equity follows the law." *Hagan Estates, Inc. v. New York Min. & Mfg. Co.,* 184 Va. 1064, 1072, 37 S.E.2d 75, 79 (1946). The statute of limitations for breach of a written contract is five years from the date of breach, Va. Code §§ 8.01-230, 8.01-246, and the statute of limitations for a claim of fraud is two years from when the "fraud . . . is discovered or by the exercise of due diligence reasonably should have been discovered." *Schmidt v. Household Fin. Corp., II,* 276 Va. 108, 117, 661 S.E.2d 834, 838-39 (2008) (citing Va. Code § 8.01-249).

Equity, citing to Supreme Court of Virginia case law, contends that a mortgagor who files suit following a foreclosure sale has an adequate remedy at law in the form of damages. (Memorandum in Support of the Demurrer Filed by Equity Trustees, L.L.C., p. 4.) The plaintiffs allege in their complaint that they cannot obtain an adequate remedy at law, Compl. ¶ 131, and in their memorandum in opposition to demurrers supports this assertion with the argument that real estate is unique. (Memorandum in Opposition to Demurrers p. 12.) The plaintiffs attempt to distinguish the cases cited by Equity from the facts of this matter, noting that, in the case at hand, CitiMortgage purchased the home at the foreclosure sale whereas, in some of the Supreme Court of Virginia case cited by Equity, there were third-party purchasers. The Court finds guidance on this issue in *Mathews v. PHH Mortgage Corp.,* in which the Supreme Court of Virginia found that a party may bring a claim for damages after a foreclosure sale or a claim in equity prior to the foreclosure sale. 283 Va. at 731, 724 S.E.2d at 199, n. 1.

As to the defense of laches, the foreclosure sale occurred on September 24, 2010, Compl. ¶ 19, and the plaintiffs filed their complaint on July 24, 2012, less than two years after foreclosure. The Court finds that the claims for breach and claims for fraud were brought within their respective statutes of limitations.

In light of the foregoing, the Court finds that, while the plaintiffs are not barred by laches, they have failed to plead sufficient facts that there is no adequate remedy at law, as the Supreme Court of Virginia has held that damages may be awarded after foreclosure, while equity is appropriate prior to foreclosure.

### B. *Lack of Standing To Challenge the Validity of the Appointment Instrument*

In Virginia, "[a] party has standing if it can show an immediate, pecuniary, and substantial interest in the litigation, and not a remote or

indirect interest." *Livingston v. Virginia Dept. of Transp.*, 284 Va. 140, 154, 726 S.E.2d 264, 272 (2012) (quoting *Westlake Props. v. Westlake Pointe Prop. Owners Ass'n,* 273 Va. 107, 120, 639 S.E.2d 257, 265 (2007)) (internal quotation marks and citations omitted). The question to ask when determining standing is if the party "has a sufficient interest in the subject matter of the case so that the parties will be actual adversaries and the issues will be fully and faithfully developed." *Id.*; *see Andrews v. American Health & Life Ins. Co.*, 236 Va. 221, 226, 372 S.E.2d 399, 402 (1988). When a demurrer concerns the issue of standing, the demurrer will be sustained if the plaintiff's "factual allegations fail to show that it actually has a 'substantial legal right' to assert." *Deerfield v. City of Hampton,* 283 Va. 759, 764, 724 S.E.2d 724, 726 (2012) (quoting *Kuznicki v. Mason,* 273 Va. 166, 171, 639 S.E.2d 308, 310 (2007)) (internal quotation marks omitted). Moreover, Virginia law holds that only the parties to an agreement have standing to challenge the agreement. *Cemetery Consultants, Inc. v. Tidewater Funeral Dirs. Ass'n,* 219 Va. 1001, 1003, 254 S.E.2d 61, 62 (1979).

While the Supreme Court of Virginia has yet to rule on whether a borrower has standing to challenge the appointment of a substitute trustee, several other courts have addressed the issue. Some courts have affirmed a borrower's standing to challenge the appointment of a trustee. *See, e.g., Williams v. HSBC Fin. Corp.*, Nos. CL10-877 & CL10-890, 2011 Va. Cir. LEXIS 286 (Albemarle Cnty. Mar. 30, 2011); *Taylor v. Bank of Am., N.A.,* No. CL11-627P-03 (Va. Cir. Sept. 7, 2011). Courts on this side of the split have found, for example, that the borrower had a sufficient interest in the litigation so that the parties would be actual adversaries and there would be full and faithful development of the issues. *See Williams,* 2011 Va. Cir. LEXIS at *3. Other courts have found the borrower lacked standing to challenge the appointment of a trustee because the borrower was not a party to the agreement. *See, e.g., Bennett v. Bank of Am., N.A.,* No. 3:12CV34-HEH, 2012 U.S. Dist. LEXIS 54725, at *20-21 (E.D. Va. Apr. 18, 2012); *see also Pham v. Bank of N.Y.,* 856 F. Supp. 2d 804, 811, n. 6 (E.D. Va. July 30, 2012); *Wolf v. Federal Nat'l Mortg. Ass'n,* 830 F. Supp. 2d 153, 161 (W.D. Va. Nov. 23, 2011); *Buzbee v. United States Bank,* 84 Va. Cir. 485 (Fairfax Cnty. 2012).

Counts Two, Three, and Four of the Complaint allege that the document appointing Equity as substitute trustee is fraudulent, because when the second page was signed, it was not attached to the first page. (*See* Compl. ¶¶ 47, 64, 82.) The complaint further asserts that, at the time the second page was signed, "it was not associated with, accompanied by, or in the same locale or locality as the first page . . . which was added later." (Compl. ¶¶ 47, 64.) The plaintiffs contend that CitiMortgage breached explicit covenants in the deed of trust, namely paragraph 18, when Equity, acting as an agent for CitiMortgage under this purportedly bogus document, conducted the foreclosure sale. Equity (and CitiMortgage) argue that the plaintiffs lack

standing to challenge the appointment (and therefore fail to state a cause of action) because the plaintiffs were not parties to the agreement appointing substitute trustee, nor did their obligations and duties change due to the execution of the agreement.

Like the plaintiffs in *Bennett,* the plaintiffs were not party to the document and have not provided factual support to indicate their obligations and duties under the Note were altered by the execution of the appointment instrument. As such, the Court finds that the plaintiffs lack standing to maintain claims arising from the execution of the instrument appointing Equity as substitute trustee.

### Defendant Citimortgage, Inc. 's Demurrer

Defendant CitiMortgage demurs on the following grounds: the plaintiffs fail to state a cause of action to quiet title (Counts One, Two, Three, Five, Six, and Seven); the plaintiffs fail to state a claim for breach of contract against CitiMortgage (Count Two); the plaintiffs fail to state a claim for fraud against CitiMortgage based upon the appointment of a substitute trustee (Count Three); the plaintiffs fail to state a claim for fraud against CitiMortgage based upon alleged false and fraudulent assurances (Count Five); the plaintiffs fail to state a claim for constructive fraud against CitiMortgage (Count Six); Virginia law does not recognize an independent claim for breach of an implied covenant of good faith and fair dealing (Count Seven); and the plaintiffs' case is not appropriate for a declaratory judgment proceeding (Count Eight).

### A. *Failure To State a Cause of Action To Quiet Title*

"[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams,* 277 Va. 230, 672 S.E.2d 862, 866 (2009) (citations omitted). To maintain a claim to quiet title, a plaintiff must plead superior title to the property in question. *Tapia v. United States Bank, N.A.,* 718 F. Supp. 2d 689, 700 (E.D. Va. 2010).

The case *Tapia v. United States Bank, N.A.,* is helpful in applying the principles of a quiet title action to the present matter. In *Tapia,* the court found that the plaintiffs failed to allege facts to suggest they held superior title to the property. *Id.* at 700. The court arrived at this finding by noting that the plaintiffs simply stated that they had superior title, but offered nothing by way of support. *Id.* Moreover, the amended complaint acknowledged that the plaintiffs failed to pay according to the terms of the note and presented no evidence that the obligation had been discharged. *Id.* A party's obligation to pay under a negotiable instrument is discharged by agreement or as otherwise provided for in Virginia Code § 8.3A-601. The court dismissed the claim, holding that "the facts pleaded in the Amended

Complaint do not plausibly suggest Plaintiffs have an interest in the Property superior to 'any competing interest.'" Plaintiffs, therefore, fail to state a claim for quiet title." *Id.*

In the present case, the complaint states in a conclusory fashion that the plaintiffs were the true owners of the property at all times relevant to the case, Compl. ¶ 1, but offers no facts to support this contention. In fact, the complaint states that "the Plaintiffs fell into arrears on the note, and, as of May 2011 was [sic] more than three monthly payments past due." (Compl. ¶ 13.) Moreover, the complaint acknowledges that CitiMortgage filed an unlawful detainer action against the Plaintiffs, and the trial court entered an order awarding possession of the property to CitiMortgage. (Compl. ¶ 27.) .

The Court finds the plaintiffs have failed to state a cause of action to quiet title.

## B. *Claim for Breach of Contract*

The Court incorporates its recitation of law and its findings concerning the issue of standing set forth in the evaluation of Equity's demurrer.

## C. *Claim for Fraud against CitiMortgage Based upon the Appointment of Substitute Trustee*

The Court incorporates its recitation of law and its findings concerning the issue of standing set forth in the evaluation of Equity's demurrer.

A claim for actual fraud requires: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, and (5) reliance by the party misled, and (6) resulting in damage to that party." *State Farm Mut. Auto. Ins. Co. v. Remley,* 270 Va. 209, 218, 618 S.E.2d 316, 321 (2005) (quoting *Prospect Dev. Co. v. Bershader,* 258 Va. 75, 85, 515 S.E.2d 291, 297 (1999)). Virginia has long held that a plaintiff must plead fraud with specifically to allow the defendant to adequately prepare his defense. *Ciarochi v. Ciarochi,* 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952). Furthermore, "fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Soble v. Herman,* 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940). However,

> "fraud may sometimes be predicated on promises which are made with a present intention not to perform them . . . . [T]he gist of fraud in such case is not the breach of the agreement to perform, but the fraudulent intent . . . . [T]he fraudulent purposes of the promisor and his false representation of an existing intention to perform . . . is the misrepresentation of a fact . . . . [T]he state of the promisor's mind at the time he makes the promise is a fact, and . . . if he represents his state

of mind . . . as being one thing when in fact his purpose is just the contrary, he misrepresents a then existing fact."

*Abi-Najm v. Concord Condo, L.L.C.*, 280 Va. 350, 362-63, 699 S.E.2d 483, 490 (2010) (quoting *Boykin v. Hermitage Realty*, 234 Va. 26, 29, 360 S.E.2d 177, 178-79 (1987)).

Count Three of the Complaint reasserts the contention that the appointment instrument was a bogus document and alleges that the recordation of the instrument "constituted fraud because it included a deliberately false recordation of a materially altered document." (Compl. ¶ 67.) The Complaint states that "[t]he second page of [the appointment instrument] was signed as a one-page document when that page was signed. When the second page of [the appointment instrument] was signed, it was not associated with, accompanied by, or in the same locale or locality as the first page of [the appointment instrument], which was added latter." (Compl. ¶ 64.) CitiMortgage, in its demurrer, argues that this allegation is factually unsupported because it is stated in a conclusory fashion without explanation. (Demurrer to Plaintiffs' Compl. p. 7.) Furthermore, the Complaint fails to allege false statements by CitiMortgage upon which the Plaintiffs relied. *Id.*

In *Bennett,* the district court found that the plaintiff failed to plead facts from which the element of false representation could be reasonably inferred. 2012 U.S. Dist. LEXIS 54725, at *25. The district court based its decision on the finding that "the separation of the pages is the only factual component of [the plaintiffs] claim for the 'bogus' appointment of PFC" and held that "this is not enough to survive a motion to dismiss." *Id.* at *24 (citing *Wolf v. Fannie Mae,* 830 F. Supp. 2d 153, 165 (W.D. Va. 2011)). The court further found that the plaintiff failed to plead facts showing an intentional misrepresentation of a material fact. *Id.* at *25. Turning to the *Wolf* decision, the district court determined that "any misrepresentation by the lending bank was neither material nor intended to mislead because [t]he document appointing PFC as substitute trustee, regardless of whether its pages were attached when it was executed, captured the intent of both [the bank] and PFC to be bound by it. In other words, both [the bank] and PFC wanted PFC to take [over] as trustee." *Id.* (quoting *Wolf,* 830 F. Supp. 2d at 166).

The Court finds that the plaintiffs failed to state a cause of action for fraud against CitiMortgage based upon the appointment of the substitute trustee.

## D. *Claim for Fraud Against Equity Trustees*

Although CitiMortgage's demurrer does not address Count Four of the Complaint, Equity's demurrer does, and the Court, finding that Count Four: Claim for Fraud against Equity Trustees is identical to Count Three: Claim

for Fraud against CitiMortgage Based upon the Appointment of Substitute Trustee, incorporates its findings and conclusions set forth in its discussion in section C.

The Court finds the Plaintiffs failed to state a cause of action for fraud against Equity.

E. *Claim for Fraud Against CitiMortgage Based upon Alleged False and Fraudulent Assurances and Claim for Constructive Fraud Against CitiMortgage*

The Court incorporates the recitations of the law of fraud set forth in section III.

To maintain a claim of constructive fraud, "a plaintiff must show by clear and convincing evidence that the defendant negligently or innocently made a false representation of material fact and that the plaintiff suffered damage as a result of his reliance upon that misrepresentation." *SuperValu, Inc. v. Johnson,* 276 Va. 356, 368, 666 S.E.2d 335, 342 (2008). Like actual fraud, to successfully plead constructive fraud, a plaintiff must show that "one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation." *Evaluation Research Corp. v. Alequin,* 247 Va. 143, 148, 439 S.E.2d 387, 391 (1994). Additionally, the alleged misrepresentation "must relate to a present or a preexisting fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Blair Constr. v. Weatherford,* 253 Va. 343, 346, 485 S.E.2d 137, 139 (1997) (quoting *Patrick v. Summers,* 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988)).

Plaintiffs allege, in August 2010, Lindsey Waters spoke to a CitiMortgage representative, who advised her that she could apply for a loan modification online and that she should not worry about foreclosure because, if she applied for loan modification, CitiMortgage would not foreclose on the home. (Compl. ¶ 89.) It is further alleged that, during a September 14, 2010, conversation with a CitiMortgage representative, Lindsey Waters was told that their loan modification had been approved and the September 24, 2010, foreclosure sale would be cancelled. (*Id.* ¶ 91.) Finally, the plaintiffs identify a September 23, 2010, e-mail stating their mortgage assistance request had been approved and argue that this e-mail contained the implication that the September 24, 2010, foreclosure sale would not occur. (*Id.* ¶ 97.) CitiMortgage demurs, arguing that the statements relate to future actions and do not rise to the level of material fact. (Demurrer to Plaintiffs' Compl. p. 8.) CitiMortgage further contends that the plaintiffs fail to plead facts showing the representations were made knowing the falsity thereof or that they were made with the intent to mislead. *Id.*

While the statements were made prior to the foreclosure sale of the property, the Court finds the caveat that a statement made with a present

intention to defraud is the misrepresentation of a fact is applicable to this case. *See Abi-Najm,* 280 Va. at 362-63, 699 S.E.2d at 490. The plaintiffs allege that the statements were intentionally false and fraudulent. (Compl. ¶¶ 92, 97.) The contention that the statement does not rise to the level of a material fact is misplaced, as the crux of the matter concerns the foreclosure of the home. The Court further finds that the plaintiffs have pleaded facts showing knowledge of the falsity of the statements and the intent to mislead. The plaintiffs allege that, in their conversation with a CitiMortgage representative just ten days before the foreclosure sale, they were given assurances their loan modification request had been approved and the foreclosure sale would be postponed. (*Id.* ¶ 91.) The Plaintiffs also received a letter confirming the approval of their loan modification the day before the foreclosure sale. (*Id.* ¶¶ 97-98.) The Plaintiffs further state in their Complaint that they relied on these misrepresentations and suffered harm as a result.

In accepting the facts pleaded as true, reading the complaint in the light most favorable to the plaintiffs, and testing only the legal sufficiency of the pleadings, the Court finds that the plaintiffs have pleaded a cause of action for fraud, and a cause of action for constructive fraud against CitiMortgage.

## F. *Claim for Breach of an Implied Covenant of Good Faith and Fair Dealing*

In Virginia, "a contract must be construed as written and as a whole with all parts being harmonized whenever possible." *Ward's Equip. v. New Holland N. Am.,* 254 Va. 379, 384, 493 S.E.2d 516, 520 (1997) (citation omitted). Moreover, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights. This is so under either the common law or the Uniform Commercial Code." *Id.* at 385. The Supreme Court of Virginia further noted that "such a covenant cannot be the vehicle for rewriting an unambiguous contract in order to create duties that do not otherwise exist." *Id.* As such, while "Virginia law recognizes an implied covenant of good faith and fair dealing in certain contracts . . . no implied duty arises with respect to activity governed by express contractual terms." *Skillstorm, Inc. v. Elec. Data Sys., L.L.C.,* 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (citing *Ward's Equip.,* 254 Va. at 384, 493 S.E.2d at 520).

The Court finds that a contract existed between the parties, evidenced by the note and secured by the deed of trust, which governed the parties' duties and obligations. As such, an implied covenant of good faith and fair dealing is inapplicable, and the plaintiffs fail to state a claim for such cause of action.

G. *Declaratory Judgment Proceeding*

The purpose of a declaratory judgment is "to declare rights so that parties can conform their conduct to avoid future litigation." *Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 615 (E.D. Va. 2008). They "are intended to supplement rather than to supersede ordinary causes of action . . . . Preventive relief is the moving purpose." *Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 419, 177 S.E.2d 519, 522 (1970) (quoting *Williams v. Bank of Norfolk*, 203 Va. 657, 662, 125 S.E.2d 803, 806-07 (1962)). A court should not exercise jurisdiction over a declaratory judgment claim "where some other mode of proceeding is provided." *Id.* at 421.

The Court points to two cases that are applicable to the present matter. In *Tapia,* the court granted U.S. Bank's motion to dismiss, finding declaratory judgment inappropriate because the foreclosure had already occurred. *Tapia,* 718 F. Supp. 2d at 696. The court stated, "the Property was foreclosed on August 14, 2009, as a result of Plaintiffs' admitted default on the loans. Thus, any wrong Plaintiffs suffered as a result of the allegedly deficient foreclosure has already occurred. Therefore, a declaratory judgment at this stage is inappropriate." *Id.* Similarly, in *Ramirez-Alvarez v. Aurora Loan Services, L.L.C.,* the court concluded that declaratory judgment was inappropriate because the foreclosure has already occurred. No. 01:09CV1306, 2010 U.S. Dist. LEXIS 116995, at *5-6 (E.D. Va. July 21, 2010).

In light of the foregoing, the Court finds that declaratory judgment is inappropriate, as any harm the plaintiffs may have suffered stemming from the foreclosure has already occurred. Therefore, the plaintiffs have failed to state a cause of action for declaratory judgment.

## Conclusion

The Court sustains the demurrers as to Counts One, Two, Three, Four, Seven, and Eight of the complaint and grants the plaintiffs leave to amend. The Court overrules the demurrers as to Counts Five and Six of the complaint.